STATE OF MISSOURI, TO THE USE OF M. RYAN, Plaintiff in Error, v. W. EMMERLING ET AL., Defendants in Error.

April 11, 1882.

Section 2835 of the Revised Statutes does not authorize an action before a justice of the peace on a bond with a collateral condition the penalty of which is in excess of the justice's jurisdiction.

ERROR to the circuit court of St. Louis County, ED-WARDS, J.

*Affirmed.*

M. F. TAYLOR, for the plaintiff in error.
HENRY R. WATSON, for the defendants in error.

THOMPSON, J., delivered the opinion of the court.

This was an action commenced before a justice of the peace to recover $125 from the defendant Emmerling, as principal, and the defendants Butz and Evans, as sureties, in the official bond of Emmerling as road overseer.

The penalty of the bond was $1,000. The justice of the peace rendered judgment in favor of the defendants for costs. The plaintiff appealed to the circuit court, and the circuit court dismissed the appeal.

Justices of the peace in this state have jurisdiction in civil cases " when the sum demanded, exclusive of interest and costs, does not exceed $150." Rev. Stats., sect. 2835. In a suit on a bond with a collateral condition, the sum demanded is the full amount of the penalty of the bond ; the judgment is for this amount, but with a further judgment, that the plaintiff have execution for the damages assessed. Rev. Stats., sects. 570, 571. The judgment remains a security for any damages that may be thereafter sustained by a further breach of the bond, which damages are recovered by *scire facias*. Rev. Stats., sects. 573, 574. In a suit on such a bond, it is error to render judgment merely for the amount of damages sustained. *The State to use* v. *Fitzpatrick*, 64 Mo. 185. It follows, that a justice of the peace has no jurisdiction of an action upon such a bond, the penalty of which is more than $150. *Pitman* v. *Dwyer*, 8 Mo. App. 570. The language used in section 2835 of the Revised Statutes, defining the jurisdiction of justices of the peace in civil cases, is different from the language employed in the statute prior to 1879, under which the decision in this case, and in other cases laying down the same rule, was rendered. By the former statute, the justice had jurisdiction " when the debt or balance due or damages claimed, exclusive of interest and costs," did not exceed $90. 2 Wag. Stats. 807, sect. 2. It will be perceived that the present statute, instead of using the words " debt or balance due, or damages claimed," uses the words " sum de-

manded." The change in phraseology obviously does not introduce any change of meaning which affects the subject we are considering. The penalty of the bond is the " sum demanded," and the sum for which the judgment is and must be rendered, if rendered for the plaintiff. It has been so held in North Carolina, considering a similar provision in the constitution of that state, where the same words are used. *The State, ex rel. Sell*, v. *Porter*, 69 N. C. 140 ; *The State ex rel*. v. *Rousseau*, 71 N. C. 194.

The justice, therefore, had no jurisdiction to proceed in the case, and properly gave judgment for costs for the defendant. The plaintiff's appeal to the circuit court from a proceeding in which the justice had no jurisdiction over the subject-matter of the suit, could not give the circuit court such jurisdiction. The circuit court, therefore, properly dismissed the appeal, and its judgment is confirmed.

All the judges concur.