THE STATE to the use of MARTHA CONSTABLE, Defendant in Error, v. WILLIAM B. BROOKE *et al.*, Plaintiffs in Error.

St. Louis Court of Appeals, February 14, 1888.

1. CONSTABLE—FAILURE TO NOTIFY DEBTOR OF EXEMPTION RIGHTS. A constable and his sureties will not be held liable for the failure of his predecessor in office to notify a defendant in attachment of his rights of exemption, nor yet for his own failure so to do, where it appears that the defendant was aware of such exemption rights, and demanded the benefit thereof at the proper time.

2. PRACTICE—RES JUDICATA.—A plea of *res judicata*, which fails to state that the court in which the judgment was rendered had jurisdiction of the parties or of the subject-matter, or that it was a court of general jurisdiction, is bad, and may be disregarded by the court.

3. RES JUDICATA—EVIDENCE IN SUPPORT OF.—Testimony showing that a judgment was rendered by a justice of the peace, and that, upon appeal to the circuit court, the cause was therein dismissed for want of jurisdiction, will not support the defence of *res judicata*, even if properly pleaded.

4. PRACTICE, APPELLATE—AFFIRMANCE WITH DAMAGES.—Where it appears that a writ of error with *supersedeas* was obtained by special order, conditioned that the writ be prosecuted forthwith; that the writ was not applied for until two months had elapsed; that the transcript was completed two months later, but was not filed in this court for two months more, and that the delays were made upon request of the plaintiff in error, who promised to hold the clerk harmless on account thereof, it is proper to adjudge damages with the affirmance, even though there may be some merit in the claim of error.

ERROR to the Warren Circuit Court, HON. WILLIAM W. EDWARDS, Judge.

*Affirmed, with damages.*

PEERS & MORSEY, for the plaintiffs in error: The plaintiff in error was not the constable at the time the attachment suit was commenced, did not serve the writ in the case, and denies in his testimony that any demand was ever made upon him for the money collected of the garnishee. If a sheriff levy an attachment or serves a garnishment upon property exempt under the law, and after judgment against the garnishee, is succeeded in office, and such successor collects money from the garnishee, on an execution, in favor of the plaintiff in the attachment and against the garnishee, and to which the original defendant is an entire stranger, would any man of common sense hold such successor liable on his official bond? The plaintiff in error insists that, even if liable, the matter was adjudicated in a former proceeding, begun by the same plaintiff and against the same defendants, for the same cause of action, and before a court of competent jurisdiction, was fully inquired into and a judgment rendered in his favor, which judgment was and is binding on all parties. 87 Mo. 569. The fact of the appeal being dismissed in the circuit court on defendant's motion does not help the cause of the plaintiff. The appeal was not properly taken. Gen. Stat., p. 509, sec. 3041. The dismissal of the matter in the circuit court did not nullify the judgment of the justice, for the reason that the circuit court was never possessed of the cause. Gen. Stat., p. 509, sec. 3041.

P. P. STEWART, for the defendant in error: The plea of a former adjudication is a mere assumption without any foundation in fact, as shown by the records here in evidence. The judgment is supported by the law and the evidence; hence the court did not err in overruling the defendant's motion for a new trial.

Rombauer, J., delivered the opinion of the court.

This is an action upon a constable's bond against him and his sureties for official misconduct.

The breaches assigned are:

(1) That the defendant constable, in serving a writ of attachment against the plaintiff, garnished one Michael Ryan, who was indebted to her in the sum of eighty-five dollars, and that, although plaintiff was the head of a family, and the debt thus seized was exempt from attachment and execution against her, he failed to apprise her of such exemption.

(2) That after judgment was rendered against her and such garnishee, and after the defendant had collected said amount from Ryan, she claimed the money in his hands as exempt from execution in lieu of property mentioned in the first and second subdivisions of section 2343, Revised Statutes, and demanded the same from him, but he refused to pay it over to her, whereby she was damaged in the sum of eighty-five dollars and interest.

The defendants answered jointly. Their answer was a general denial and a special defence in words and figures as follows:

"That, on the fourteenth day of March, 1885, before a tribunal selected by plaintiff, their cause of action was fully investigated and passed upon by a jury, and a verdict rendered and judgment entered for the defendants; that said judgment was never appealed from and is still in force and binding, and defendants now plead said judgment so rendered as a bar to this action."

The record before us is very imperfect, but it sufficiently appears from it that, upon the trial of the cause, the following facts appeared: The writ of attachment was issued, not to defendant, Brooke, but to one Custer, the then acting constable of the township, who summoned Ryan as garnishee. This, of itself, disposes of the first breach assigned in favor of defendants, as the

defendant constable and his sureties cannot be held responsible for the misconduct of the defendant's predecessor in office. Even if there was any evidence, as the petition charges, that Custer represented Brooke, yet the action, as far as it is based on the first breach, must fail, since it appears, both by the plaintiff's petition and her evidence, that she was aware of her exemption and claimed it at the date of the garnishment. It was decided in *Brown v. Hoffmeister*, 71 Mo. 411, that an execution debtor who, at the time of the levy, notifies the officer holding the writ that he claims all the property levied on as exempt from execution, has no claim against the officer for not apprising him formally of his right to exemptions.

The evidence, however, was ample to support a finding for plaintiff on the second breach assigned. It distinctly appears that the money was collected from Ryan by the defendant, Brooke, and that the plaintiff, being the head of a family, claimed the money as exempt from execution in lieu of the exemptions mentioned in her petition. It also appeared that the defendant, Brooke, ignored her claim and paid the money to the plaintiff in the attachment, and the court so found. The judgment in plaintiff's favor, therefore, is amply supported by the evidence, and must stand unless the defendants' claim of *res judicata* is well founded.

The defendants' plea of *res judicata* is wholly defective, and might have been disregarded by the court for that reason alone. It fails to state that the court rendering the judgment had jurisdiction either of the parties or the subject-matter. Nor does it state that the court was one of general jurisdiction, from which the latter proposition might be assumed. The testimony introduced to support the plea is equally defective. It tended to show that the plaintiff brought an action upon the bond, which is in the penal sum of one thousand dollars, before a justice of the peace; that the defendants

there moved to dismiss the case for want of jurisdiction; that the motion was overruled by the justice, who, thereafter, upon trial, rendered judgment for defendants; that the case was appealed to the circuit court, where, upon motion of defendants, it was dismissed for want of jurisdiction.

It thus appears, first, that the court rendering the judgment claimed as a bar never had any jurisdiction. *St. Louis v. Fox*, 15 Mo. 72, 73; *State to use v. Emmerling*, 12 Mo. App. 98. That even if it had jurisdiction, its judgment was vacated by the appeal; and since in the circuit court, the suit, and not the appeal, was dismissed, the judgment of the justice was never reinstated. *Earl v. Hart*, 89 Mo. 263, 268; *Lee v. Kaiser*, 80 Mo. 435.

Thus it appears that the defendants' affirmative defence was not only badly pleaded, but wholly unsupported by the evidence.

The foregoing considerations necessitate the affirmance of the judgment. We are asked to affirm it with damages, for the reason that the appeal is without merit, and that the writ was prosecuted for the purposes of mere delay. In support of this last proposition the plaintiff has produced and filed certified copies of certain papers in the clerk's office of the Warren circuit court, which, in conjunction with the records of this court, show the following facts: A *supersedeas* order was obtained in the case from one of the judges of this court, in July, 1886, on condition that defendants prosecute their writ of error forthwith, yet no writ of error was applied for until October 22, 1886, and although it appears that the transcript was completed on the twenty-third day of December, 1886, ready for transmission, it was not filed in this court until February 21, 1887. It also further appears that the delay was caused by request of the parties prosecuting the writ, who agreed to hold the clerk of the circuit court harmless from all damages caused by the procrastination. Such being the uncon-

troverted facts, we would feel inclined to affirm the judgment with damages, even if the appeal were meritorious in some respects.

All the judges concurring, the judgment is affirmed with ten per cent. damages.