## BARRY COUNTY ex rel. S. J. WOOLSEY, Respondent, v. E. S. SHERMAN et al., Appellants.

**St. Louis Court of Appeals, February 1, 1910.**

1. **DRAMSHOPS: Bond: Amount of, in Excess of Statutory Requirement.** It was no objection in an action on a liquor dealer's bond for selling liquor to an habitual drunkard that the bond was given for $2500, instead of $2000, the statutory penalty.

2. ——: ——: .Approval of, Not Shown. In an action on a liquor dealer's bond for selling liquor to an habitual drunkard, the bond is admissible in evidence, without proof that it had been approved by the county court.

3. **APPELLATE PRACTICE: Dramshops: Bond: Judgment not for Penalty of.** In an action on a liquor dealer's bond, the objection that judgment was not entered for the penalty of the bond, but only for the amount recovered, could not be raised for the first time on appeal.

4. **JURISDICTION: Subject-Matter: When Lack of Jurisdiction May be Raised.** Want of jurisdiction over the subject-matter may be taken advantage of at any stage of a cause.

5. **DRAMSHOPS: Bond, Action on: Evidence of Bartender's Authority.** In an action on a dramshop keeper's bond for selling liquor to an habitual drunkard, after notice, evidence that the

sale was made by one not a regular employee of the dramshop keeper, but that the latter was present and knew such person was helping to dispense liquor, was sufficient to take the question to the jury whether the liquor was sold with his knowledge and approval.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston*, Judge.

AFFIRMED.

*T. D. Steele* for appellant.

The court erred in admitting the bond and record "M" of the county court in evidence. First. For the reason the statute, section 2995, does not authorize the giving or taking of such a bond. The statute does require a bond to be given and approved by the court of $2000, with certain conditions, but nowhere is the court authorized to take a bond in the sum of $2500 from a dramshop keeper. Second. There is no record of the county court taking or approving the bond sued on. Without the approval by the court the bond was void. Bank v. Moulder, 53 Mo. App. 539; Cockrill v. Owen, 10 Mo. 287; Julian v. Rogers, 87 Mo. 229. A judgment for the penalty of the bond $2500 could not have been rendered, for the very good and sufficient reason that the statute does not authorize a bond with that amount to be taken. Hence a judgment for $2500 on a dramshop keeper's bond would be a nullity. State to use v. Fitzpatrick, 64 Mo. 190; State ex rel. v. Cooper, 79 Mo. 464; State ex rel. v. Hollenbeck, 68 Mo. App. 375.

*J. S. Dours* and *D. H. Kemp* for respondent.

GOODE, J.—Action on the bond of appellant Sherman as dramshop keeper, against him and his sureties. Sherman kept a dramshop in the town of Monett, in Barry county, Missouri, and at the time license was granted, executed a bond to said county in the sum of $2500, with the statutory conditions as prescribed in

section 2995, article 1, chaper 22, Revised Statutes 1899. The relator, Mrs. S. J. Woolsey, was the wife of George Woolsey, who died June 21, 1906. There is evidence tending to show as follows: Deceased was during his lifetime, or the latter part of it, an habitual drunkard, and his wife, relator, gave notice to Sherman and the other dramshop keepers in the town of Monett in January, 1906, not to sell him any intoxicating liquors; that on a Saturday evening in May, 1906, relator followed her husband into Sherman's dramshop, looked around the screen, saw her husband give Claude Roderick a quarter and saw Roderick hand her husband a half pint of whisky; Sherman was in the saloon at the time; relator's husband took the whisky and started to go away with it, but relator grabbed it and scuffled with him on the sidewalk until she got the whisky from him; then walked into the saloon, shook the bottle in Sherman's face and told him the whisky would pull him into the courtroom. Evidence for appellants was introduced tending to show Sherman was not in the saloon on the evening in question and as to this matter there is a conflict; but relator testified she knew Sherman by sight and that he was in the saloon at the moment of the sale. There is evidence to show Claude Roderick was not a regular employee of the saloon, but when the passenger train came in from the south on the evening in question, a rush of customers came into the saloon, and Eagle, an extra bar tender, asked Roderick to help. Roderick testified he was not in the employ of Sherman, did not tend his bar, was not his agent and Sherman had not authorized him to sell whisky to any one. Sherman testified to the same effect.

The court's instructions authorized a verdict against appellants if the jury found Sherman at his dramshop, by himself, or through his bartender or agent, sold any intoxicating liquor to Woolsey at the time in question, provided Woolsey was an habitual

drunkard and the sale was made after relator, as wife of Woolsey, had notified Sherman not to sell him any intoxicating liquors; that if the liquor in question was sold by Claude Roderick, in the absence of Sherman and without the latter's consent and the jury believed Roderick was not in the employ of Sherman as agent, bartender or salesman, then defendants would not be liable for the acts of said Roderick, and the verdict should be for defendants; that it devolved on relator to prove by a preponderance of the evidence that Sherman, by himself, or through his agent or bartender, sold and delivered to Woolsey, the husband of relator, one-half pint of whisky in May, 1906; also that Woolsey was an habitual drunkard at the time and previously, and theretofore, in January, 1906, relator had given notice to Sherman not to sell Woolsey intoxicating liquors. The jury returned a verdict in favor of relator for fifty dollars and judgment having been entered accordingly, this appeal was taken.

One assignment of error is that the bond of Sherman as dramshop keeper was in the sum of $2500, whereas the statute provided the county court should exact a bond of $2000. If Sherman chose to give a bond of $2500, the county court had a right to take it, even granting said court could not have demanded a bond in that sum.

It is said further no record of the county court was introduced to show the bond had been approved. The clerk of the court testified he had the record containing the county court's approval of the bond and it was in Book M of the court records at page 345. We find no introduction in evidence of a record approving the bond further than a recital in the county court's record that a good and sufficient bond had been filed. However, the bond was admissible in evidence without proof it had been approved by the county court, and this point will be overruled. [Graves v. McHugh, 58 Mo. 499.]

Barry County ex rel. v. Sherman.

Complaint is made judgment was not entered for the penalty of the bond, but no point was made about this matter below in the motion for new trial or otherwise, and we are of the opinion it is not now assignable for error. In Graves v. McHugh, the Supreme Court held the point might be raised first on the appeal where the case was begun before a justice of the peace; but this was because the jurisdiction of the justice depended on the amount of the penalty provided in the bond (State to use v. Emmerling, 12 Mo. App. 98; Id. v. Brooke, 29 Mo. App. 286) and want of jurisdiction over the subject-matter may be taken advantage of at any stage of the cause.

The only point of merit in the case relates to the sufficiency of the proof to show the liquor was sold by Sherman, or what was equivalent to a sale by him, was sold with his knowledge and approval. Though Roderick, who made the sale, was not a regular employee, he was helping in the dramshop on the evening when the sale occurred, and if the testimony of relator was true, Sherman was there and knew he was helping. Indeed, if her testimony was to be believed, the sale was made with Sherman's knowledge and consent and was his act. It was for the jury to weigh the contradictory testimony on the issue and as their conclusion was against appellants on good instructions, the judgment will be affirmed. All concur.