THE STATE, TO THE USE OF REYBURN *et al.*, Appellants, *vs.* RUGGLES *et al.*, Respondents.

1. In an action by legatees against an administrator upon his bond, judgment should be entered for the penalty of the bond, with an award of a single execution for the damages assessed for the breaches. Distribution of the damages among those entitled, is to be made after they are collected and brought into court.
2. Where one of several legatees sues the administrator upon his bond for waste, his legacy is not, as a matter of course, to be satisfied out of the damages recovered, to the exclusion of the other legatees, or to the exclusion of creditors.
3. Judgment reversed for an insufficient finding of the facts.

*Appeal from Washington Circuit Court.*

This was an action brought to the use of three of the legatees of Joseph Reyburn, deceased, against Ruggles and his securities, upon his bond as Reyburn's administrator. The

breach complained of was, that Ruggles had failed to use proper diligence to collect two judgments recovered in favor of the estate by a former administrator, for an amount exceeding the unpaid balance of the plaintiffs' legacies, and that the amount of said judgments was lost to the estate by reason of his negligence. The plaintiffs prayed judgment for the penalty of the bond, with an award of execution for an amount sufficient to pay their legacies in full. The answer denied any want of diligence on the part of the administrator. The record showed that the cause was heard by the court without a jury, but contained no finding of the facts other than the amount for which the administrator was liable, and a statement from which it appeared that there were other legatees under the will of Reyburn, besides the plaintiffs. The court declared the law to be that, as the amount recovered against Ruggles was insufficient to satisfy *all* the legacies, the plaintiffs could only recover their *pro rata* share. Judgment was accordingly given for the penalty of the bond, with an award of several executions in favor of each of the plaintiffs for their *pro rata* share of the damages assessed. The plaintiffs, claiming that they were entitled to the full amount of their legacies out of the damages recovered before the other legatees received any thing, appealed to this court.

*M. Frissell*, for appellants, referred to the 5th, 7th and 8th sections of article 7 of the administration act, ( R. C. 1845. ) No brief or appearance for respondent.

SCOTT, Judge, delivered the opinion of the court.

This is a singular proceding. It appears that there has been a judgment against Ruggles. The record does not show that he contests the propriety of that judgment. But persons who are no parties to the proceedings on which the judgment is obtained, interpose, by motion, to have the judgment, in part, entered in their favor. There is no warrant in law for this. The judgment should have been entered for the penalty of the

bond, with an award of a single execution for the damages assessed for the breaches thereof. When the sheriff brought the damages awarded into court, on the return day of the writ, (as he might have been notified to do;) then would have been the time for the court to have distributed them. The court had no authority to distribute the damages and award a separate execution for each distributee. Should the defendant, Ruggles, pay the costs of all these unnecessary writs?

The facts are not found which are necessary to enable this court to determine whether the plaintiffs are entitled to have their legacies first satisfied. As the matter is up, however, we will state our views of the law on this subject. It would be strange, if the law was such as to encourage a race between legatees, and to award the prize to the foremost. What justice would there be in suffering one legatee to sue on an executor's bond, and to obtain his legacy to the exclusion of all the others? If an executor pays a legacy voluntarily, the law presumes that he has sufficient to pay all the legacies, and the other legatees can resort only against him. In case the assets appear to have been originally deficient, if the executor either voluntarily or by compulsion, pay one of the legatees, the rest shall make him refund in proportion. And even if such legatee obtain a decree for his legacy and be paid, the other legatees may oblige him to refund in the same manner. But if the executor had at first enough to pay all the legacies, and by his subsequent wasting of the assets they became deficient, in that case, such legatee shall not be compelled to refund, but shall retain the benefit of his legal diligence. (Toller, 340. *Lupton* v. *Lupton*, 2 Johns. Ch. Rep. 614.)

Now, from the facts found, it does not appear that any part of the judgment is subject to the payment of legacies. It may be all necessary to pay debts. It is obvious that a legatee suing on an administrator's bond for a legacy, must show the same facts that he would be compelled to show had he sued the administrator by bill in equity. If the damages, when recovered, would be subject to the payment of debts, then the

legatee would only be entitled to nominal damages in his action on the bond. If the amount of damages awarded in this case was the only fund for the payment of legacies, nothing more appearing, it would be a vain thing to satisfy the entire legacies of the plaintiffs, when the next moment they would be compelled to refund.

This case, from the record, appears to have been very irregularly conducted. It seems to be a very hard one on the administrator, Ruggles. None of the grounds on which he is made liable appear in the finding of the court, but as from this record, it does not appear that he complains or has brought the case here, we are not warranted in entering into that matter. The judgment will be reversed, and the cause remanded, that all the facts may be found. The other judges concur.