THE STATE *ex rel.* COCHRAN V. COOPER *et al.*, *Appellants.*

1. **Deed of Trust of Personal Property**: VALIDITY AS AGAINST CREDITORS. To make a deed of trust of personal property valid as against other creditors, it will be sufficient if either the deed is acknowledged and recorded, or possession is given to the trustee. If the deed is so acknowledged and recorded, possession need not be given, even though called for in the deed.

2. ——: DESCRIPTION. A conveyance described the property conveyed as "the stock of merchandize and all other personal property now contained in the store-room occupied by" R. & Co. in F., "listed and invoiced and of the value of $3,113.92 as per schedule made." *Held*, a sufficient description, especially when accompanied by the schedule.

3. ——: TRUST TO SELL ON CREDIT. A conveyance to a trustee for the benefit of certain named creditors of the grantors to the exclusion of others, provided that the trustee might make a sale of the stock of goods conveyed in bulk, if desired, and upon such terms of credit as might be assented to by the grantors and a majority in interest of the secured creditors. *Held*, that this provision did not make it void on its face.

4. **Judgments on Penal Bonds**. In an action on a penal bond, it is error to enter judgment simply for the amount of damages found. The judgment should be for the penalty of the bond with execution for the damages.

*Appeal from Monroe Circuit Court.*—HON. JOHN T. REDD, Judge.

REVERSED.

*A. J. Herndon, R. C. Clark* and *Draffen & Williams* for appellants.

*James H. Robertson, Samuel C. Major* and *Smith & Krauthoff* for respondent.

EWING, C.—This was a suit commenced in Howard county by the respondent against the appellants, and moved to Monroe county by change of venue. The suit was upon the sheriff's bond, and as breaches alleged that certain parties had sued Ritchie & Co. in Howard county by attach-

ment; that writs issued and were served by the sheriff by seizure of certain goods and merchandise, as the property of Ritchie & Co.; that this merchandise did not belong to Ritchie & Co.; that it had been long before conveyed to respondent Cochran by Ritchie & Co. by a deed of trust for the benefit of certain parties named in the deed, who were *bona fide* creditors of Ritchie & Co., and that that deed was duly recorded. The answer denied the allegations in the petition, and alleged that the deed of trust was made for the purpose of hindering and delaying creditors, and was fraudulent and void as to defendants, who were attaching creditors of Ritchie & Co.

The deed of trust being offered in evidence, was objected to by the defendants, 1st, Because it was void for uncertainty of description, which was as follows: "The stock of merchandise and all other personal property, including scales, etc., now contained in the store-room occupied by said firm of Ritchie & Co. in Fayette, Howard county, Missouri, also one sorrel horse and delivery wagon and set of single harness, listed and invoiced and of the value of $3,113.92, as per schedule made." 2nd, Because the deed was fraudulent on its face. The deed provided " that with the consent of the grantors and a majority in interest of the beneficiaries, he (the trustee) may make a sale in bulk, if so desired, upon such terms of credit as may be assented to by the grantors and a majority in interest of said creditors."

The deed also provided that the trustee Cochran was to take immediate possession of the stock and proceed to sell the same at private sale, etc. There was some question raised as to whether or not the taking possession by the trustee was sufficient under the deed. This might be a question of importance, if it were not for the fact that the deed of trust was acknowledged and recorded as the law directs, which renders possession unnecessary. Rev. Code 1870, § 2503. The deed requires the trustee to " take immediate posses-

1. DEED OF TRUST OF PERSONAL PROPERTY: validity as against creditors.

sion," and in such case it is held that such requirement must be complied with, and under the circumstances of this case, and the fact of the recording of the deed, my opinion is that the possession was sufficient. *Stern v. Henley,* 68 Mo. 262; *Wright v. McCormick,* 67 Mo. 426; *Bishop v. O'Connell,* 56 Mo. 186; *Lesem v. Herriford,* 44 Mo. 323; *Claflin v. Rosenberg,* 42 Mo. 439. These cases all pass upon the question of possession, but it seems that in none of them did the question of recording a deed, whereby change of possession was made unnecessary, cut any figure. There must be either " an actual and continued change of the possession," or the conveyance must be by deed duly " executed and acknowledged by the vendee and recorded." One or the other must be done, but either is sufficient.

The description contained in the deed of trust identified the articles conveyed. This deed specifies " the stock 2. ——: description. of merchandise and all other personal property " in a certain room, and then specifies other outside property. This is a sufficient description by which to identify the property conveyed, which is all that is required. *Crow v. Bank,* 52 Texas 362. The purpose of the description is to be such that the property may be reasonably identified. Herman on Chattel Mortgages, § 38. Then again, an inventory of the articles conveyed was offered in evidence in aid of the description in the deed, which was right and proper. Herman on Chattel Mortgages, § 39.

The appellant insists that the conveyance under consideration was fraudulent on its face and should have been 3. ——: trust to sell on credit. so declared by the court as a matter of law. There was no reservation in this deed for the benefit of the grantor. He was not authorized by the instrument to sell at all, but the trustee was to take immediate possession, and sell and apply the proceeds to the payment of the debts. The grantor was not to retain possession even much less to retain possession and sell. The deed must be void on its face before the court will so declare it as a matter of law. *Weber v. Armstrong,* 70 Mo. 217;

*Hewson v. Tootle*, 72 Mo. 632; *Metzner v. Graham*, 57 Mo. 404.

The judgment in this case was only for the amount of damages assessed and not for the penalty of the bond with **4. JUDGMENTS ON** special execution as provided by law, and **PENAL BOND.** for this reason the judgment will be reversed and the cause remanded, with directions to the circuit court to enter up the judgment required by the statute. *State to use of Gates v. Fitzpatrick*, 64 Mo. 185. Concurred in by PHILIPS, C.; MARTIN, C., absent.