THE STATE *ex rel.* HEYE v. THE ST. LOUIS COURT OF APPEALS.

Constitution: APPEAL TO ST. LOUIS COURT OF APPEALS: AMOUNT IN DISPUTE: JURISDICTION. The relatrix brought suit on a penal bond in the sum of twenty-seven hundred dollars, and judgment was rendered for her for said sum, with execution for twenty-two hundred dollars, the amount of damages recovered by relatrix for the breach of the bond, and the defendant appealed to the St. Louis court of appeals. *Held,* that the amount in dispute on the appeal was twenty-two hundred dollars, the amount of damages recovered for the breach of the bond, and that the St. Louis court of appeals, and not the Supreme Court, therefore, had jurisdiction of the appeal.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*A. R. Taylor* and *W. C. Jones* for relatrix.

The constitution allows an appeal to the Supreme Court "in all cases where the amount in dispute, exclusive of costs, exceeds the sum of two thousand and five hundred dollars." Const., art. 6, sec. 12. The "amount in dispute," means the amount of money that it would take to settle the dispute, which is $2199\frac{99}{100}$, the amount of the judgment recovered in the cause. *Mosher v. Shear*, 100 Ill. 469; *Gray v. Blanchard*, 7 Otto, 564; *Tintsman v. Bank*, 10 Otto, 6. The amount recovered being less than twenty-five hundred dollars, the court of appeals has jurisdiction of the cause.

*Nathan Frank* for respondent.

The amount in dispute exceeds twenty-five hundred dollars. *Page v. Butler*, 15 Mo. 73. In actions on bonds the judgment is always for the penalty. *State v. Rug-*

*gles*, 20 Mo. 99 ; *State v. Sandusky*, 46 Mo. 377 ; *State v. Cooper*, 79 Mo. 464. The damages laid in the petition constitute the test of the jurisdiction. *Wilson v. Daniel*, 4 Dal. 401 ; *U. S. v. McDowell*, 4 Cranch, 310 ; *Hunt v. Hopkins*, 66 Mo. 98 ; *Gray v. Blanchard*, 7 Otto, 564 ; *Dashiell v. Slingerland*, 60 Cal. 658.

NORTON, J.—This is a proceeding by mandamus to compel the St. Louis court of appeals to proceed to hear and determine a certain cause pending in said court, on the appeal of defendant in said cause from a judgment of the circuit court of the city of St. Louis. It appears from the record that the relatrix instituted a suit in said circuit court on a penal bond, in the sum of twenty-seven hundred dollars ; that her damages were assessed at the sum of twenty-two hundred dollars, and that judgment was rendered for twenty-seven hundred dollars, the amount of the penalty, and also judgment awarding execution for twenty-two hundred dollars, the amount of damages recovered by relatrix for breach of the bond. From this judgment the defendant appealed to the St. Louis court of appeals, and upon the refusal of said court to proceed to hear the cause on the ground that it had no jurisdiction, the present proceeding was begun, and the only question presented for determination is, whether or not said court has final appellate jurisdiction of the cause. If the amount in dispute, exclusive of costs, exceeds twenty-five hundred dollars, then said court has no jurisdiction ; and if such amount equals, or is less than twenty-five hundred dollars, then it has final appellate jurisdiction.

It is contended on behalf of respondent that, although the relatrix is only entitled to receive on the judgment appealed from, the sum of twenty-two hundred dollars, that nevertheless, inasmuch as the judgment was rendered for twenty-seven hundred dollars, the penalty of the bond, that said sum is the amount in

dispute, and that, therefore, the St. Louis court of appeals has no jurisdiction to hear the cause on the appeal of defendant. In support of this view we have been cited to R. S., sec. 570; to the cases of *State v. Ruggles*, 20 Mo. 99; *State v. Cooper*, 79 Mo. 464; *St. Louis, etc., v. Fox*, 15 Mo. 73. While it is provided in said section 570, that in actions on penal bonds, if the plaintiff recover, the verdict assessing the damages shall be entered on the record, and judgment shall be rendered for the penalty of the bond, or for the penal sum forfeited, as in other actions, together with costs of suit, and with a further judgment that the plaintiff have execution for the damages so assessed, which damages shall be specified in the judgment; and while it has been held in the cases of *State v. Ruggles*, and *State v. Cooper*, *supra*, that in a suit on penal bonds, where a breach has been established and damages assessed, a judgment should be rendered for the penal sum mentioned in the bond; and while it has been held in the case of *St. Louis v. Fox*, *supra*, that in a suit on a penal bond, the jurisdiction is to be measured and determined by the amount of the penalty, it does not follow from all this that if in such a suit judgment is rendered for the penalty of the bond, as in this case, amounting to twenty-seven hundred dollars, and also a judgment awarding execution, as in this case, for twenty-two hundred dollars damages recovered by plaintiff for breach of the bond, that on defendant's appeal from such judgment that the amount in dispute is not the sum of twenty-two hundred dollars, which is all that plaintiff could collect under the judgment, but the sum of twenty-seven hundred dollars, no part of which in excess of twenty-two hundred dollars she could collect. But, on the contrary, we are of the opinion that on defendant's appeal, it is only the amount specified in the judgment of the court awarding execution, which is brought into dispute, the payment of which by defendant would end the dispute and

nullify the judgment for the penalty in excess of the amount required to be paid.

The conclusion above expressed is in accord with that reached by the Supreme Court of the United States, on a like question, in the case of *The United States v. McDowell*, 4 Cranch, 316, where it is said the case was before the court on error to the district court of Kentucky, in an action of debt for twenty thousand dollars, the penalty of an official bond, given by the defendant as marshal of that district for the faithful execution of the duties of his office by himself and his securities. The defendant pleaded performance generally. The United States, in their replication, assigned a special breach of the condition of the bond in not paying over to the United States the sum of three hundred and twenty-eight dollars. The judgment below was against the United States, who sued out the present writ of error. But the court, without argument, decided that it had no jurisdiction, the matter in dispute being of less value than two thousand dollars. In the case of *Gordon v. Ogden*, 3 Peters, 333, Chief Justice Marshall, in delivering the opinion, said: "This court has jurisdiction over final judgments and decrees of the circuit court, where the matter in dispute exceeds the sum of two thousand dollars. The jurisdiction of the court has been supposed to depend on the sum or value of the matter in dispute in this court, not on that which was in dispute in the circuit court. If the writ of error be brought by the plaintiff below, then the sum which his declaration shows to be due may still be recovered, should the judgment for a smaller sum be reversed; and consequently the matter in dispute cannot exceed the amount of that judgment. Nothing but that judgment is in dispute between the parties." The case of *Knapp v. Banks*, 2 Howard, 73, is to the same effect, in which it is said by Justice Story, who delivered the opinion: "The amount in controversy is to be decided by the

sum in controversy at the time of the judgment, and not by any subsequent additions thereto, such as interest. The distinction constantly maintained is this: Where the plaintiff sues for an amount exceeding two thousand dollars, and the *ad damnum* exceeds two thousand dollars, if, by reason of any erroneous ruling of the court below, the plaintiff recovers nothing, or less than two thousand dollars there, the sum claimed by the plaintiff is the sum in controversy, for which a writ of error will lie. But if a verdict is given against the defendant for a less sum than two thousand dollars, and judgment passes against him accordingly, then it is obvious that there is, on the part of the defendant, nothing in controversy beyond the sum for which the judgment is given, and consequently he is not entitled to any writ of error."

So in case of *Gray v. Blanchard*, 97 U. S., p. 564, it is said: " While in the absence of anything to the contrary, the prayer for judgment by the plaintiff, in his declaration or complaint, upon a demand for money only, or by the defendant, in his counter-claim, or set-off, will be taken as indicating the amount in dispute, yet if the actual amount in dispute does otherwise appear in the record, reference may be had to that for the purpose of determining our jurisdiction."

We are disposed to adopt the rule announced in the cases cited, it being founded on sound reasoning, and applying it to the case in hand, we must hold that while there is a formal judgment for twenty-seven hundred dollars, the penalty of the bond, the real and only judgment enforceable against defendant, is the judgment awarding execution for twenty-two hundred dollars damages recovered by relatrix, and that on defendant's appeal to the St. Louis court of appeals, the amount in dispute is the sum of twenty-two hundred dollars, and the cause is, therefore, within the final appellate jurisdiction of said court.

For the reasons given, the demurrer to respondent's return is overruled, and a peremptory writ of mandamus is hereby awarded. All concur.