The State ex rel. Lingenfelder v. Lewis.

THE STATE *ex rel.* LINGENFELDER *et al.* v. LEWIS *et al.*, *Judges St. Louis Court of Appeals.*

Jurisdiction: SUPREME COURT: AMOUNT IN DISPUTE. Where the plaintiffs sued for $7,211.30, and defendants set up a counter-claim for three thousand dollars, and the trial court found $4,720.71 due plaintiffs on their claim, and $2,766.13 due defendants on their counter-claim, and rendered judgment for the difference, viz., $1,954.58, and defendants appealed, the amount in dispute on the appeal is the sum found due plaintiffs, which, being in excess of twenty-five hundred dollars, is within the jurisdiction of the supreme court, and not the court of appeals.

*Prohibition.*

WRIT AWARDED.

*Dexter Tiffany* and *B. Schnurmacher* for relators.

The case is within the jurisdiction of the supreme court. *Moshier v. Shear*, 100 Ill. 469; *Capen v. Desteiger*, 105 Ill. 190. The rule announced in the case of *Kerr v. Simmonds*, 82 Mo. 269, is more favorable to

respondents than to appellant, for by an inspection of the whole case, it will appear that the matter in dispute is the item of $3446.75. The other cases cited by appellant are without application. *State ex rel. v. Court of Appeals*, 87 Mo. 569, held that in a suit upon a bond, the jurisdiction was fixed by the amount of damages to which the relator was entitled, and not by the penalty of the bond. *Mathews v. Danahy*, 25 Mo. App. 354, turned upon a stipulation of the parties, showing that while over three thousand dollars was demanded in the petition, the amount really sought to be recovered was less than twenty-five hundred dollars.

*Kehr & Tittman* for respondents.

As the amount found for the defendant must necessarily be deducted from the amount found for the plaintiffs, it follows that the amount in dispute between the parties is the difference between the two sums, namely, $1,954.58, and that the latter is the highest sum that the plaintiffs can ever recover. The case, therefore, is not within the appellate jurisdiction of this court. *Kerr v. Simmons*, 82 Mo. 269. The appeal is taken by the defendant from a judgment which it can satisfy and annul by paying $1,954.58 and costs. The payment of that amount would end the dispute between plaintiffs and defendant, and hence that and none other is the amount in dispute between them, and hence the appeal is within the jurisdiction of the court of appeals under the authority of *State ex rel. v. Court of Appeals*, 87 Mo. 569, 571; *Matthews v. Danahy*, 25 Mo. App. 354.

BRACE, J.—In this proceeding the petitioners seek to restrain by writ of prohibition the respondents, judges of the St. Louis court of appeals, from proceeding to hear and determine the case of P. J. Lingenfelder *et al. vs.* Wainwright Brewing Company, taken on appeal to said court by the said defendant from the St.

Louis city circuit court, on the ground that the amount in dispute on such appeal is beyond the jurisdiction of said appellate court. In that action, the plaintiffs sued the defendant for $7,211.30, and the defendant denied plaintiffs' cause of action and set up a counter-claim for three thousand dollars. The trial court found for the plaintiffs on their cause of action the sum of $4,720.71, and for the defendant on its counter-claim the sum of $2,766.13, and rendered judgment in favor of plaintiffs for $1,954.58, the difference between these two amounts, and the defendant appealed.

The amount in dispute by which the jurisdiction of the appellate court is to be determined is not necessarily fixed by the amount of the judgment appealed from (*State ex rel. v. Court of Appeals*, 87 Mo. 569), nor by the amount claimed on the cause of action sued upon (*Kerr v. Simmons*, 82 Mo. 269), but by the amount that remains in dispute between the parties, on the appeal, and subject to determination by the appellate court of the legal questions raised on the record ; to ascertain which, the appellate court is not confined to an examination of the judgment only, or the pleadings in the case, but may look into the whole record. Two amounts were in dispute in this case in the trial court, the amount claimed by the plaintiffs on their cause of action, and the amount claimed by the defendant on its counter-claim. The difference between these two amounts was never in dispute at all, that amount was simply the necessary result of the determination of the two disputes between the parties as to the amount which each claimed.

The finding of the circuit court in defendant's favor on the counter-claim, the plaintiffs not having appealed, eliminates that dispute from the case. The finding for the plaintiffs on their cause of action in an amount less than that sued for, the plaintiffs not having appealed, eliminates from the remaining dispute the difference

between the amount sued for and the amount found, and leaves in the case as the amount alone in dispute the amount of that finding, which being in excess of the jurisdiction of the St. Louis court of appeals, the appeal should have gone to the supreme court. The position that the amount in dispute in this case is the difference between the finding for the plaintiffs on the cause of action and the finding for the defendant on the counter-claim finds no support in the case of *State ex rel. v. Court of Appeals, supra,* in which it was held that in an appeal by defendant, in an action on a penal bond, the amount in dispute was the amount at which the damages were assessed for the breach, or, in the case of *Kerr v. Simmons, supra,* in which it was held that an appeal by the plaintiff in an action on a contract where it was admitted by the pleadings that a payment had been made on plaintiffs' cause of action, that the amount in dispute was the amount claimed less such payment.

The demurrer to the return is sustained and peremptory writ ordered. All concur, except RAY, J., absent.