JACKSON, OGLESBY & CO. v. J. R. BURNETT.

*Attachment—Dissolution of Attachment—Restitution of Attached Property.*

1. *Code*, Section 373, providing for the restitution of property upon an order dissolving the attachment, does not apply to cases where there has been a sale or transfer of the property by the defendant to the plaintiff after the levy of the attachment.

2. Notwithstanding the dissolution of an attachment, the plaintiff, who claims that the property has been transferred to him by the defendant after the levy of the warrant, is entitled to have submitted to the jury an issue as to the ownership of the property.

CIVIL ACTION, tried before *Coble*, *J.*, at Spring Term, 1896, of GRANVILLE Superior Court, on appeal from the refusal of a Justice of the Peace, upon the dissolution by him of the warrant of attachment, to order the attached property to be restored to the defendant. The plaintiffs claimed before the Justice of the Peace that the defendant, after the levy of the attachment, had transferred the property to them and in the Superior Court the defendant renewed his motion for restitution of the property attached. Plaintiffs resisted this motion, on the ground that the title to the property attached had been transferred to them by defendant, and that defendant was not the owner or entitled to the restitution or possession of said property, and demanded that a jury be empaneled to try the issue as to the title and ownership of said property. At the same time plaintiffs tendered the following issues for the jury to pass upon:

"1. Is the defendant the present owner and entitled to the return of the property attached?

" 2. Are the plaintiffs the owners and entitled to the possession of the property attached ? "

At the same time plaintiffs offered witnesses and documentary evidence in support of their claim and contention.

His Honor refused to empanel a jury and submit to them the issues tendered, or any other issues, or to allow them to hear the evidence offered by the plaintiffs. To which ruling and refusal plaintiffs excepted.

His Honor thereupon, without hearing any evidence, but upon inspection of the record in the case and after argument of counsel, allowed the motion of defendant and signed judgment directing the return of the property to him. Plaintiffs appealed.

*Mr. A. J. Field*, for plaintiffs (appellants).
*Mr. John W. Hays*, for defendant.

MONTGOMERY, J.: The plaintiffs recovered judgment for their debt against the defendant in a justice's court without objection. The defendant's attorney in that court entered a special appearance for the purpose of moving to vacate the warrant of attachment for the reason that the affidavit made by the plaintiffs was insufficient in law, which was allowed, and the motion was made. An order vacating the attachment was granted, but the justice refused to adjudge, upon the motion of defendant's counsel, that the attached property should be restored to the defendant. From this refusal the defendant appealed to the superior court. In that court the motion made by defendant's counsel in the justice's court was renewed. It was resisted by the plaintiffs on the ground that the defendant was not the owner of and entitled to the possession of the property, and that he had transferred the same to the plaintiffs after

JACKSON *v.* BURNETT.

the attachment had been levied.    The plaintiffs offered to
show the transfer of the property to them by witnesses, and
by documentary evidence also, and asked for a jury to
determine by a proper issue the title to the property.    His
Honor refused to hear the evidence himself and find the
facts, or to submit issues to the jury, but upon the record
allowed the motion of defendant and gave judgment that
the property be restored to the defendant.

Questions of fact, arising in proceedings that are ancil-
lary to the main action, are heard and found by the judge,
and his findings are conclusive where there is any evidence
to support them.    Issues of fact, raised by the pleadings,
are to be tried by the jury.    There was before his Honor
no question of fact arising upon the attachment proceedings,
nor was there any issue of fact raised by the pleadings
in the main action.    The attachment had been vacated by
the justice without objection of the plaintiffs, and the
plaintiffs had procured judgment on their debt without
appeal by the defendant.    There was before the superior
court only the question of the restitution of the attached
property.    We think his Honor erred in not submitting
to the jury upon proper issues the question of the owner-
ship of the property.    Ordinarily, the order for a writ of
restitution is a part of the judgment in cases where a party
is put out of the possession of his property and the pro-
ceedings are adjudged void.    And Section 373 of *The
Code* provides that in cases where an order has been made
for the discharge of the attachment, the attached prop-
erty shall be delivered to the defendant.    But we think
that the statute was not intended to apply to cases where
there had been a sale or transfer of the defendant's inter-
est in the property since the levying of the attachment.
There was nothing to prohibit the defendant from selling
or transferring his interest in the attached property after

the attachment was levied.   The plaintiffs claimed title to the property by transfer from the defendant and offered to show the same by witnesses, and also by documentary evidence. If the defendant had sold his interest in the property to the plaintiffs, it would be a wrong to allow him to get possession of it through an order of the court.   The property ought to have been delivered to its true owner.   " When an attachment has been dissolved by reason of a judgment in favor of the defendant, or otherwise, the special property of the officer in the attached effects is at an end, and he is bound to restore them, to the defendant, if he is still the owner of them, or, if not, to the owner." Drake on Attachment, Sec. 426.   To the same effect is the decision in *Gates* v. *Fitzpatrick*, 64 Mo., 185.   The plaintiffs and the defendant were before the court, and the plaintiffs claimed title to the attached property by virtue of a purchase or transfer from the defendant, made after the attachment was levied, and we think that an issue to try the title should have been submitted to the jury.   A stranger to the proceedings could have intervened and set up title to the property, and it would seem that the plaintiffs, on the question of restitution, would be entitled to at least an equal right.

Error.