SCHOOL DISTRICT, Appellant, v. BOYLE et al.

In Banc, June 2, 1904.

APPELLATE JURISDICTION: School District a Party. A school district is not a political subdivision of the State within the meaning of the constitutional amendment giving the Supreme Court jurisdiction of an appeal in a case in which a political subdivision of the State is a party.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*A. H. Livingston* and *Harris & Norman* for appellant.

*Orr & Luster* for respondents.

BRACE, J.—In this case a motion has been filed to transfer the cause to the St. Louis Court of Appeals, because the jurisdiction to hear and determine the

appeal herein is vested in that court and not in the Supreme Court. The only ground upon which it can be claimed that this court has jurisdiction of the appeal, is that a school district is a political subdivision of the State within the meaning of section 12, article 6, of the Constitution. Since the adoption of the constitutional amendment of 1884, providing among others, that "in cases where a county or other political sudivision of the State" is a party, writs of error shall run from, and appeals be taken directly to, the Supreme Court from the trial courts, very many cases have been taken to and decided by the Courts of Appeals wherein a a school district was a party, and the jurisdiction of these courts in such cases seems never to have been questioned, except in one instance, and that was in the case of School District v. Burris, 84 Mo. App. 1. c. 662, in which it was ruled by the Kansas City Court of Appeals that a school district was not a political subdivision of the State in a jurisdictional sense within the meaning of the constitutional provision aforesaid. While the question has never been raised or passed upon by this court, the exercise of jurisdiction in such cases by the Courts of Appeals may be said to have been tacitly assented to by this court in several cases, as for example, State ex rel. v. School District, 143 Mo. 89; School District ex rel. v. Livers, 147 Mo. 580; Cranor v. School District, 151 Mo. 119. And while there may have been a case or two decided in this court in which the question might have been raised, but was inadvertently passed over, as for example, School District v. School District, 94 Mo. 612, yet as the general consensus of opinion on the bench and at the bar has, for so long a time, and so uniformly, been that a school district was not such a political subdivision of the State as was contemplated in the aforesaid provision of the Constitution, and as the fact that a School District was a party to the action would not of itself deprive the Courts of Appeals of appellate jurisdiction, in cases otherwise

within their jurisdiction, and as so much has been judicially done on the faith of that assumption, we shall on this motion, without stopping to discuss the question as if it were an original proposition in this court, content ourselves with so holding in conformity with the ruling in School District v. Burris, supra; as there is no other ground upon which we can entertain jurisdiction of this appeal, it is ordered that the cause be transferred to the St. Louis Court of Appeals, the jurisdiction to which it properly belongs.

All concur.