THE STATE ex rel. J. P. BELL, Treasurer of State Hospital No. 1, Appellant, v. W. C. HARRIS et al.

Division One, November 30, 1910.

**APPELLATE JURISDICTION: Suit on Bond.** The Supreme Court does not have jurisdiction of an appeal from a judgment in favor of defendants in a suit brought at the relation of the State on a bond for $30,000 against the sureties, alleging that the treasurer of a state hospital converted to his own use $6901.68 during the two years which the bond embraced, and praying for a judgment of forfeiture in the penal sum of $30,000, and that execution be awarded for $6901.06 as damages. The "amount in dispute" in such case is not the penal sum nominated in the bond, but the shortage of the treasurer or the damages to be assessed; and that being less than $7500, the case is transferred to the Court of Appeals.

Appeal from Callaway Circuit Court.—*Hon. Alex. H. Waller*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Elliott W. Major*, Attorney-General, for the State; *North T. Gentry* of counsel for appellant.

*W. M. Williams* and *Harris & Hay* for respondents.

LAMM, P. J.—This is one of three suits instituted in Callaway Circuit Court on August 5, 1905, severally, on each of three bonds of William D. Thomas, treasurer of State Hospital No. 1, at Fulton, to recover the amounts of sundry defalcations running through a

series of years, beginning with the year 1897 and ending in 1903, so far as disclosed to us. Two of the cases (State ex rel. v. Yates et al.; and State ex rel. v. Grant et al.) have been determined here in opinions just handed down. The present suit is brought by the State to use of John P. Bell, treasurer of the hospital, against W. C. Harris et al., sureties on Thomas's bond for a term of two years commencing March 12, 1901, and ending March 12, 1903, in the penal sum of $30,000, conditioned the same as the bonds in the other suits. But there is this difference, viz., the amount unlawfully converted by Thomas to his own use is alleged to be $6901.68, so that judgment of forfeiture in the penal sum, $30,000, is prayed with award of execution for $6901.68 as damages. The same defenses were interposed in this suit as in the others. The same steps were taken in appointing a referee, a hearing before him, a report of findings of fact and conclusions of law, in exceptions and rulings below—with this difference, in this case the referee found that of the sum converted all but $32.50 was received and became payable more than three years before the institution of the suit, and that the Statute of Limitations was a bar except as to said amount. Judgment went in accordance with the report, and the State appealed.

At the outset, we are confronted with a question of jurisdiction, not raised by counsel. If the amount in dispute be the penal sum nominated in the bond, this court has jurisdiction. If it be the *shortage,* this court has none. The question arises on the dual character of the judgment to be rendered in a suit on an official bond—such judgment going *(secundum legem terrae)* for a forfeiture of the bond in its entire penal sum, with assessment of damages and award of execution (not for the penal sum, but) for the *quantum* of damages so assessed. [R. S. 1909, sections 1213, 1236, 1239, 1240 and *post;* State to use v. Ruggles, 20 Mo. 99; State to

use v. Fitzpatrick, 64 Mo. 185; State ex rel. v. Cooper, 79 Mo. l. c. 467.]

There is language in State ex rel. v. Emmerling, 12 Mo. App. 98, and State ex rel. Yeatman v. Fox, 15 Mo. l. c. 73, which might indicate that the penalty of the bond determines jurisdiction. In the Fox case, Judge SCOTT, whose fame is so justly great that his mere *dicta* are not unfrequently entitled to the force and use of holdings, said: "The opinion has generally prevailed in this State, that the penalty of a bond determines the jurisdiction of the court." But he was there not dealing with the jurisdiction of an appellate court hinging on the "amount in dispute," but with that of a statutory court (St. Louis Law Commissioner's Court) regulated by other statutory provisions; and, by way of argument, used the statute defining jurisdiction of justices of the peace over actions on constables' bonds. What he there said must go with the facts of his case.

In State v. Emmerling, supra, Judge THOMPSON was dealing with the jurisdiction of justices of the peace and with a statute employing the jurisdictional phrase, "sum demanded." Accordingly it was ruled that the "sum demanded" was the penalty of the bond, and the question of jurisdiction hinged on that exposition.

But in State ex rel. v. St. Louis Court of Appeals, 87 Mo. 569, a case where the penal sum of the bond was $2700 and the amount of damages assessed for which execution was awarded was $2200, it was held that "the amount in dispute" on appeal was $2200, viz., the amount of damages recovered for the breach of the bond, and not the penalty, and that the St. Louis Court of Appeals had jurisdiction and not the Supreme Court—the test of the jurisdiction at that time being $2500 in dispute. In that case the Ruggles, Cooper and Fox cases, supra, were considered and distinguished. The case is soundly reasoned and runs *quatuor pedibus*. Written by NORTON, J., it was unanimously agreed to

by his brethren and has never been criticised. *Contra,* it has been often cited and leaned on as a staff. [State ex rel. v. Lewis, 96 Mo. 148; McGregor v. Pollard, 130 Mo. l. c. 334; May v. Mortgage Trust Co., 138 Mo. 449; Douglas v. Kansas City, 147 Mo. 432; Pittsburg Bridge Co. v. Transit Co., 205 Mo. l. c. 180.] It is in line with the great weight of authority. Says a standard authority: "But the weight of authority is to the effect that in an action on a penal bond if damages are claimed and are alleged with certainty, they, and not the penalty, determine the jurisdiction." [3 Am. and Eng. Ency. L. & P., p. 866.]

In the case at bar the penalty of the bond is not in dispute. It is not even *colorably* in dispute. The dispute is over the amount of Thomas's peculations during the life of the bond and on whether or no the three years' Statute of Limitation is a bar. In determining appellate jurisdiction, courts go for substance, not shadow; the kernel, not the shell. They look to the whole record. To do otherwise is to stick in the bark —see cases supra. Here the amount in dispute is under $7500, at which figure we draw to ourselves jurisdiction in those cases where the amount in dispute determines it.

We have no jurisdiction. The case is transferred to the Kansas City Court of Appeals. All concur.