SCHOOL DISTRICT NUMBER FOUR et al., Appellants, v. SCHOOL DISTRICT NUMBER THREE et al.

Division Two, December 19, 1911.

APPELLATE JURISDICTION: School District. The Supreme Court does not have appellate jurisdiction of a cause brought by one school district against another to determine whether or not the proceedings by which certain territory was detached from the one and added to the other were legal. A school district is not a political subdivision of the State within the meaning of the Constitution.

Appeal from Grundy Circuit Court.—*Hon. G. W. Wanamaker,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Hall & Hall* for appellants.

*O. G. Bain & Son* for respondents.

KENNISH, P. J.—This is an appeal from a judgment of the circuit court of Grundy county. The appellants are School District Number Four of said county and the board of directors thereof. The respondents are School District Number Three and the board of directors of that district. Appellants, by leave of court, brought this action in *quo warranto* for the purpose of ousting respondents from exercising any right or franchise, as a school district, in and over certain territory described in the information. The territory in controversy, as claimed by respondents, had recently been detached from relator school district and added to respondent school district, and the legality of the proceedings, in thus attempting to change the boundary line, was the issue in the case.

Upon a trial, judgment was rendered for respondents, and relators appealed to this court.

The record discloses no constitutional question or other ground of appellate jurisdiction of this court. A school district is not "a political subdivision of the State" within the meaning of section 12, article 6, of the Constitution. [School District v. Boyle, 182 Mo. 347; School District v. Burris, 84 Mo. App. l. c. 662; State ex rel. v. Andrae, 216 Mo. 617.]

As this court is without jurisdiction, it is ordered that the case be transferred to the Kansas City Court of Appeals, the court to which the appeal should have been granted.

*Ferriss* and *Brown, JJ.,* concur.