THE STATE EX REL. R. S. CRAVENS, Secretary, To Use and Benefit of CONSOLIDATED SCHOOL DISTRICT NO. 2 OF WORTH COUNTY, Appellant, v. D. W. THOMPSON ET AL.—17 S. W. (2d) 342.

Division One, March 29, 1929.

*Edward G. Robison, C. V. Hastings* and *J. W. McKnight* for appellants.

*Ed. Kelso, John Ewing* and *Mayer, Conkling & Sprague* for respondents.

SEDDON, C.—This is an action seeking a recovery upon the official bond of the respondent, D. W. Thompson, which bond was given by him as the treasurer of Consolidated School District No. 2 of Worth County, Missouri. The action is prosecuted against D. W. Thompson, the principal of the bond, and three individual sureties thereon. The bond is statutory (Sec. 11245, R. S. 1919), and binds the principal and sureties unto the State of Missouri in the sum of $10,000, conditioned that the said D. W. Thompson, treasurer of said consolidated school district, "shall render a faithful and just account of all money that may come into his hands as such treasurer, and otherwise perform the duties of his office according to law." The section of the statute, supra, pursuant to which the bond was given, further provides that, "on breach of the conditions of said bond, . . . suit [thereon] shall be prosecuted in the name of the State of Missouri, at the relation and to the use of the proper school district." The action was commenced in the Circuit Court of Worth County and went to the Circuit Court of Holt County on change of venue.

The petition is conventional, alleging the appointment and qualification of D. W. Thompson as the treasurer of said consolidated school district on July 7, 1923; the execution, delivery and approval of said bond, and the conditions thereof; and avers a breach of the conditions of said bond, in that said Thompson, at the expiration of his term of office in July, 1925, or at any other time, did not pay over to his successor in office all moneys coming into his hands as such treasurer as required by law, and has unlawfully retained, and still unlawfully retains and refuses to pay, such moneys to his successor in said office, or to the said consolidated school district, as by law and by the conditions of his said bond he was required so to do; and further avers that "the amount of said funds so unlawfully retained by him and which he failed to pay over to his successor in office at the expiration of his term of office on July 15, 1925, is $2292.52, which said amount he still retains and refuses to pay to said district or its proper officers." The petition prays judgment against the principal and the sureties of the said bond "in the sum of $10,000, the penalty of the aforesaid bond, said judgment to be satisfied upon the payment . . . of the said sum of $2292.52, together with interest at six per cent thereon from July 15, 1925, together with costs in this behalf expended."

The defendants answered, denying generally the allegations of the petition, and, as a special defense, alleging that the board of education of said consolidated school district had selected and designated the Farmers' Trust Company of Grant City, Missouri, as the depository of the moneys and funds of said consolidated school district; that said Thompson was not at any time a member of the board of education of said consolidated school district, and had no control or discretion whatsoever over the selection of said depository; that upon the designation and selection of said depository, the said Thompson, as treasurer of said consolidated school district, deposited the moneys and funds of said consolidated school district in said Farmers' Trust Company of Grant City, not because of any desire or selection upon his part, but solely because it had been designated and selected by said board of education as the depository of said consolidated school district.

The reply was a general denial of the averments of the answer.

The action was tried, without the aid of a jury, in the Circuit Court of Holt County, upon an agreed statement of facts, wherein it appears that the record of the minutes of a meeting of the board of education of said consolidated school district held on August 11, 1923, shows the following minute entry: "Bond of D. W. Thompson as Treasurer approved. Money to be kept in Farmers' Trust Company;" that said treasurer did deposit all said school moneys that came into his hands in the Farmers' Trust Company of Grant

City, Missouri, in the name of D. W. Thompson, treasurer; that the said D. W. Thompson, as such treasurer, has accounted for and paid over to said consolidated school district all school moneys so received by him as such treasurer, except the sum of $2288.36, which sum he has not paid over to said consolidated school district; that said sum was on deposit, as aforesaid, in the Farmers' Trust Company of Grant City, Missouri, at the time said bank and trust company failed, on April 29, 1924, and was taken over by the Commissioner of Finance of the State of Missouri, and that no part of said sum of $2288.36 has been paid to the said D. W. Thompson, treasurer, or to said consolidated school district, by the said bank and trust company, or its liquidating officers; and that, if the defendants herein are liable upon said official bond, they and each of them are jointly and severally liable for the sum of $2288.36, together with interest thereon from July 15, 1925, and if judgment is rendered against the defendants, it shall be for said sum.

Upon such agreed statement of facts, the trial court entered judgment, finding the issues for the defendants and adjudging that the plaintiff take nothing by its suit, and that the defendants go hence without day and recover of and from the plaintiff their costs expended. After unsuccessful motions for a new trial and in arrest of judgment, the plaintiff was allowed an appeal to this court.

The cause has been ably and exhaustively argued and briefed on the merits by learned counsel for the respective parties, and the cause presents interesting and important questions of statutory construction, and of the legal liability of the defendant school district treasurer for moneys coming into his hands and deposited by him in a depository bank in his official capacity as such treasurer, which questions counsel insist are matters of first impression in this State. But however interesting and important the legal questions arising on the merits of the action may be, the question of our jurisdiction of the appeal appears at the very threshold of our consideration of the appeal, although counsel for the respective parties have not seen fit to raise or discuss the question of our jurisdiction of the appeal. But, while none of the parties, respondent or appellant, has questioned our jurisdiction herein, or raised such question by motion, brief or argument, nevertheless, we have repeatedly and uniformly held that jurisdiction cannot be conferred upon this court by the mere consent, acquiescence, or silence of the parties. [In re Tannory (Mo. Sup.), 297 S. W. 967; State ex rel. v. Sims, 309 Mo. 18; Springfield Southwestern Ry. Co. v. Schweitzer, 246 Mo. 122; Vandeventer v. Bank, 232 Mo. 618; City of St. Joseph v. Georgetown Lodge (Mo. Sup.), 8 S. W. (2d) 979: In re Wilson's Estate (Mo. Sup.), 8 S. W. (2d) 973.] We have likewise uniformly ruled that this court, *sua sponte*, will raise the question of our jurisdiction, for

the all-sufficient reason that no court should proceed to judgment in a cause or proceeding unless it has jurisdiction. [In re Tannory, supra; Toothaker v. Pleasant, 315 Mo. 1239, 1245; City of Tarkio v. Clark, 186 Mo. 285, 293; City of St. Joseph v. Georgetown Lodge, supra; In re Wilson's Estate, supra.]

The jurisdiction of this court over appeals and writs of error is prescribed and limited by the Constitution. [Sec. 12, Art. VI, and Sec. 3, Amendment of 1884 to Art. VI, Mo. Const.] Reference to the record in the instant case, and to the cited sections of the Constitution, makes it apparent that the instant case does not fall within the category of any of the cases over which this court is given appellate jurisdiction, unless it be that the instant case is one wherein the amount in dispute, exclusive of costs, exceeds the sum of $7500 (Sec. 2418, R. S. 1919), or is one wherein a political subdivision of the State is a party.

While the petition herein prays judgment against the defendant in the sum of $10,000, which is the penalty of the official bond sued upon, the record herein discloses that the real and actual amount in dispute, and for which a recovery is sought by plaintiff, is the sum of only $2288.36, with interest thereon at six per cent per annum from July 15, 1925, for the parties, by their agreed statement of facts herein, have stipulated that, if the defendants are liable, and, if judgment is rendered against defendants, the judgment shall be for the recovery only of said sum of $2288.36, with interest thereon from July 15, 1925, an amount which does not fall within the pecuniary jurisdiction of this court as prescribed and limited by the Constitution. The question of our appellate jurisdiction was raised *sua sponte* by this division of our court in State ex rel. v. Harris, 231 Mo. 294, 295, which was an action to recover upon the official bond of one Thomas, the treasurer of State Hospital No. 1, at Fulton, the penalty of which bond was $30,000, but the actual amount of recovery thereon was only $6901.68. In that case, LAMM, P. J., speaking to the precise jurisdictional question which now confronts us in the instant case, said: "At the outset, we are confronted with a question of jurisdiction, not raised by counsel. If the amount in dispute be the penal sum nominated in the bond, this court has jurisdiction. If it be the *shortage,* this court has none. The question arises on the dual character of the judgment to be rendered in a suit on an official bond—such judgment going (*secundum legem terrae*) for a forfeiture of the bond in its entire penal sum, with assessment of damages and award of execution (not for the penal sum, but) for the *quantum* of damages so assessed. [R. S. 1909, secs. 1213, 1236, 1239, 1240 and *post;* State to use v. Ruggles, 20 Mo. 99; State to use v. Fitzpatrick, 64 Mo. 185; State ex rel. v. Cooper, 79 Mo. l. c. 467.] . . . But in State ex rel. v. St. Louis Court of Appeals,

87 Mo. 569, a case where the penal sum of the bond was $2700 and the amount of damages assessed for which execution was awarded was $2200, it was held that 'the amount in dispute' on appeal was $2200, viz., the amount of damages recovered for the breach of the bond, and not the penalty, and that the St. Louis Court of Appeals had jurisdiction and not the Supreme Court—the test of the jurisdiction at that time being $2500 in dispute. . . . The case is soundly reasoned and runs *quantuor pedibus*. Written by NORTON, J., it was unanimously agreed to by his brethren and has never been criticised. *Contra,* it has been often cited and leaned on as a staff. [State ex rel. v. Lewis, 96 Mo. 148; McGregor v. Pollard, 130 Mo. l. c. 334; May v. Mortgage Trust Co., 138 Mo. 449; Douglas v. Kansas City, 147 Mo. 432; Pittsburg Bridge Co. v. Transit Co., 205 Mo. l. c. 180.] It is in line with the great weight of authority. Says a standard authority: 'But the weight of authority is to the effect that in an action on a penal bond if damages are claimed and are alleged with certainty, they, and not the penalty, determine the jurisdiction.' [3 Am. & Eng. Ency. L. and P., p. 866.] In the case at bar the penalty of the bond is not in dispute. It is not even *colorably* in dispute. The dispute is over the amount of Thomas's peculations during the life of the bond and on whether or no the three years' Statute of Limitation is a bar. In determining appellate jurisdiction, courts go for substance, not shadow; the kernel, not the shell. They look to the whole record. To do otherwise is to stick in the bark—see cases supra. Here the amount in dispute is under $7500, at which figure we draw to ourselves jurisdiction in those cases where the amount in dispute determines it. We have no jurisdiction.''

Nor does the instant case fall within the category of cases wherein ''a county or other political subdivision of the State is a party,'' of which class of cases this court is given exclusive appellate jurisdiction by the Constitution. While the statute (Sec. 11245, R. S. 1919) requires that the instant suit or action ''shall be prosecuted in the name of the State of Missouri, at the relation and to the use of the proper school district'' (and the instant action is so prosecuted), and while the official bond sued upon herein runs to the State of Missouri, as the nominal obligee, yet the actual beneficiary of the bond, and the real party in interest, is Consolidated School District No. 2 of Worth County, to whose use and benefit the instant action is prosecuted, and to whom, as the real and actual beneficiary, will be paid the sum, or amount, of money recovered upon the bond, provided it shall be adjudged that plaintiff is legally entitled to a recovery herein. We have definitely and positively ruled that a school district (such as the real party in interest herein) does not fall within the meaning of the clause ''political subdivision of the

State,'' as used in Section 12, Article VI, of the Constitution, and, therefore, that we have no appellate jurisdiction of a cause by reason of the single fact that a school district is a party to such cause. [School District v. School District, 238 Mo. 407; School District v. Boyle, 182 Mo. 347.]

It appearing from the record herein that this court has no jurisdiction of the instant appeal, it is made the duty of this court by statute (Sec. 2419, R. S. 1919), and such would be our inherent duty in the absence of a statute, to make and enter an order transferring the cause to the proper court of appeals. It is accordingly ordered that this cause be transferred to the Kansas City Court of Appeals. *Lindsay* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by Seddon, C., is adopted as the opinion of the court. All of the judges concur.