TONEY CARDWELL v. LLOYD HOWARD ET AL., Directors of HURLEY CONSOLIDATED SCHOOL DISTRICT No. 1, Appellants.—132 S. W. (2d) 960.

Division One, November 3, 1939.

*Tom R. Moore* for appellant.

*Blunk & Ingenthron* and *N. Elmer Butler* for respondent.

BRADLEY, C.—This is an action by a school bus driver to recover for an alleged breach of contract with a consolidated school district. He recovered a judgment for $700 against the school district, and the district appealed to this court.

The plaintiff, respondent here, has not filed a brief. The cause was orally argued by the school district, appellant here, and during the argument the question of jurisdiction arose, and it is our duty to first dispose of that question. We might state here that the petition does not name the school district as a party defendant, but the district answered, and the judgment was against the district, and, as stated, the district appealed.

Section 12, Article VI of the Constitution provides, among other things, that an appeal lies to the Supreme Court "in cases where a county or other political subdivision of the State or any State officer is a party." The term *State officer* as used in Section 12, Article VI of the Constitution "has reference to officers whose official duties and functions are coextensive with the State." [Fischbach Brewing Company v. City of St. Louis et al., 337 Mo. 1044, 87 S. W. (2d) 648, l. c. 651, and cases there cited.] Therefore, it is apparent that the fact that the directors are parties, if they can be so considered in the situation, would not give the Supreme Court jurisdiction of the appeal.

Is a school district a "political subdivision of the State" within the meaning of Section 12, Article VI of the Constitution? If it is, then the appeal in the present cause was properly to the Supreme Court. However, a school district is not a political subdivision of the State within the meaning of Section 12, Article VI of the Constitution. [School District Number Four et al. v. School District Number Three et al., 238 Mo. 407, l. c. 408, 141 S. W. 1111, and cases there cited; State ex rel. Cravens to use, etc., v. Thompson et al., 322 Mo. 444, 17 S. W. (2d) 342, l. c. 345.]

This cause should be transferred to the Springfield Court of Appeals, and it is so ordered. *Hyde* and *Dalton*, *CC.*, concur.

PER CURIAM :—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.