The STATE of Missouri ex rel. A. V. KUG-LER, Estalene Kugler, S. Lunsford, Frances Lunsford, Carl Mohr, Louise Mohr, J. H. B. Mohr, Virgil Mohr, Rudolph Deitrich, Della Deitrich, Price Doctorman and Florence Doctorman, Relators-Respondents,

v.

W. M. TILLATSON, W. E. Shannon, John Adams, Maenard Egbert, Weldon Tague and Hubert Deitrich, as members of the Board of Education of Reorganized School District No. 3 of Scotland County, Missouri, Respondents-Appellants.

No. 45540.

Supreme Court of Missouri,

Division No. 1.

April 8, 1957.

**518**

Jayne & Jayne, Kirksville, for appellants.

L. F. Cottey, Lancaster, J. B. Smoot, Memphis, for respondents.

HYDE, Judge.

Mandamus to require directors of a school district to submit at the next annual school election a proposition for a change of boundaries in accordance with a petition filed by relators. After a trial, a peremptory writ was ordered and the directors have appealed.

As suggested by relators, it is obvious that we do not have jurisdiction of this appeal. No constitutional question is raised and no monetary relief is sought. The only ground upon which our jurisdiction is invoked is "because appellants are officers of a political subdivision of the state within the meaning and intendment of Section 3, Article V of the Constitution of Missouri [V.A.M.S.]." However, even if the proceeding had been directly against the school district instead of its officers we would not have jurisdiction under our long established construction of this provision of our 1945 Constitution, and the same language in Section 12 of Article VI of our 1875 Constitution. In School District v. Boyle, Banc, 182 Mo. 347, 81 S.W. 409, we held that a school district was not a political subdivision of the State in a jurisdictional sense within the meaning of the constitutional provision. We commented that because "the general consensus of opinion on the bench and at the bar has for so long a time and so uniformly been that a school district was not such a political subdivision of the state as was contemplated" to deprive the Courts of Appeals of appellate jurisdiction, and because "so much has been judicially done on the faith of that assumption", the question would not be discussed as if it were an original proposition but instead we would follow the previous ruling of the Kansas City Court of Appeals in School District No. 6 in Harrison County v. Burris, 84 Mo.App. 654, 662. We have since uniformly and consistently held to this view. School District Number Four v. School Number Three, 238 Mo. 407, 141 S.W. 1111; State ex rel. Craven to Use of Consolidated School Dist. No. 2 of Worth County v. Thompson, 322 Mo. 444, 17 S.W.2d 342; State ex rel. Miller v. Board of Education of Consolidated School Dist. No. 1 of Holt County, Mo.Sup., 18 S.W.2d 26; Hydesburg Common School District of Ralls County v. Rensselaer Common School Dist. of Ralls County, Mo.Sup., 214 S.W.2d 4; Young v. Brassfield, Mo.Sup., 223 S.W.2d 491. We, therefore, hold that we do not have jurisdiction of this appeal.

The cause is transferred to the St. Louis Court of Appeals.

All concur.