STATE OF MISSOURI, EX REL. HENRY KEMPER, Appellant, *v.* CYRUS SMITH ET AL., Respondents.

March 13, 1883.

1. BACK TAXES — FEES OF COLLECTOR AND ATTORNEY. — The fees of the collector and his attorney in an action to collect unpaid taxes, may not exceed four per cent and ten per cent, respectively, of the sum actually collected.

2. NOTION TO RETAX COSTS — NOTICE. — Failure to give formal notice of a motion to retax costs is immaterial where the opposite party has actual notice, is present at the hearing of the motion, and is not prejudiced by the failure to give formal notice.

3. ——— PARTIES. — Bondholders who are to receive a *pro rata* share of the tax collected are parties in interest and may move to retax costs where excessive fees have been taxed.

4. —— PRACTICE. —In case of an abuse in the taxation of costs in a suit for delinquent taxes, any attorney, though not representing any party, may move to retax the costs, or the court may retax them of its own motion.

5. BACK TAXES — PRACTICE. — Money realized from the sale under execution of property for the payment of taxes should be applied first, to the payment of the costs, then to the commissions of the collector and his attorney, and the remainder paid into the treasury.

APPEAL from the St. Charles County Circuit Court, EDWARDS, J.

*Affirmed.*

H. C. LACKLAND, for the appellant.

T. F. McDEARMON, for the respondent.

THOMPSON, J., delivered the opinion of the court.

In this case there was a judgment *in rem* under the law relating to the collection of delinquent and back taxes (Rev. Stats., chap. 145, Art. VI.), against thirty-nine tracts of land belonging to the defendants, in the aggregate sum of $39,109.81. The taxes on account of which the judgment was rendered, were taxes which had been laid and assessed for the drainage of the Marias Temps Clair Lake in St. Charles County. Execution was issued upon this judgment and was levied upon the lands in question. The bill of costs upon the execution, as taxed by the clerk, included, besides the fees of the officers of the court, the printer, etc., an attorney's fee of $3,339.28, and also a collector's commission of $1,471.04.

The provision of the statute under which this proceeding took place relating to the attorney's fee in such a suit, is as follows : —

"And for the purpose of prosecuting suits for taxes under this act, the collector shall have power, with the approval of the county court, or in such cities, the mayor thereof, to employ such attorneys as he may deem necessary, who shall receive as fees in any suit such sum, not to exceed ten per cent of the amount of taxes actually collected and paid into the treasury, as may be agreed upon in writing, and approved by the county court, or in such cities, the

mayor thereof, before such services are rendered, which sum shall be taxed as costs in the suit and collected as other costs, and no such attorney shall receive any fee or compensation for such services, except as in this section provided." Rev. Stats., sect. 6836. The contracts under which the attorneys of the collector rendered their services in this suit, made with the collector and approved by the county court as required by this statute, specified that they should " receive as fees ten per cent of the amount of said back taxes actually collected and paid into the county treasury." By another provision of the same statute, the fees allowed the collector are fixed at " four per cent on all sums collected." Rev. Stats., sect. 6842.

It is thus perceived that the attorneys of the collector are not entitled to any fees in proceedings under this statute except such as may accrue as commissions upon " taxes actually collected and paid into the treasury." It is also perceived that the law in direct terms prohibits them from receiving any fee or compensation for services except such as may accrue by way of commissions upon taxes actually collected and paid into the public revenue. It is also perceived that the collector is not entitled to any fees in proceedings under this statute, except a per centum on " sums collected."

There is no doubt that the words " sums collected," as used in section 6842, mean revenue collected. It could not have been intended that the collector should be allowed a commission upon sums collected as costs in the case. Neither is there any color for the assumption that the attorneys of the collector are entitled to any commission upon the costs which may be collected in the cause. It is clear, then, that unless the proceeding result in collecting a sum of money belonging to the public revenue, neither the collector nor his attorneys can claim any costs in the cause. It is very clear, therefore, that the act of the clerk in taxing the sums above stated, as costs in favor of the collector and

his attorneys, was erroneous. It appears from the figures themselves, and also from the testimony which was heard upon the motion, that these sums were arrived at by taking the aggregate amount of the judgment and adding thereto the interest which would probably accrue between the date of the judgment and the date of any sale under the execution. If the sale, which took place under the execution, had realized sufficient money to pay the entire amount of the judgment for the taxes, together with the interest which had accrued thereon at the statutory rate of one per cent per month, to the date of the sale, this computation would probably have worked out very nearly the right result. But, as the collector and his attorneys are entitled to no compensation in such cases, except in the forms of commissions upon sums of revenue actually collected, there is no warrant in law for the act of the clerk in taxing their costs beforehand in the form of commissions upon the amount of the judgment and the interest expected to accrue thereon.

The land was sold at the sheriff's sale for the aggregate amount of $2,810.05, which, the sheriff states in his return, he has applied to the payment of costs. How it has been applied, his return does not state. But it is perceived that the amount is less than the aggregate of the costs as taxed in the bill of costs on the execution, though if the amounts taxed as the costs of the collector and his attorneys are rejected from the bill, the amount is several times in excess of the remaining costs.

At the return term of the execution, T. F. McDearmon, Esq., an attorney of the court, filed the following motion to retax the costs : —

" Now comes T. F. McDearmon, attorney at law, representing land improvement bonds in the sum of $5,500, issued by St. Charles County, Missouri, and moves the court to retax the following items of costs in the bill of costs hereto attached and made a part of this motion, in

the above entitled cause, to wit: The commissions of Henry Kemper, collector, erroneously taxed in said bill at $1,471.04 when said commissions should have been taxed at $100.23; also the commissions of C. Daudt & T. S. Cunningham, said collector's attorneys, erroneously taxed at $3,339.28, when said commissions of said attorneys should have been taxed at $240.55.

"T. F. McDearmon,

"*Attorney for the Land Improvement Bondholders.*"

The collector, Kemper, demurred to the motion, which demurrer was overruled. The motion coming on for hearing, he put in a verbal plea to the motion, the subject of which is stated in the record. This was also overruled. Mr. Daudt, one of the collector's attorneys, filed a motion to dismiss the motion for the reason that the court had acquired no jurisdiction over him because no notice had been given to him of the pendency of the motion. This was also overruled. Mr. Cunningham, the other attorney of the collector, did not appear in the cause as a party resisting the motion, though he testified on the hearing of the motion, for the defence, as did also Mr. Daudt. In his testimony Mr. Cunningham stated that he had not been notified of the motion, and that he would not enter his appearance in any manner until he was properly notified. The court, at the conclusion of the hearing, sustained the motion, and ordered that the costs be retaxed as therein prayed.

1. The first question is, whether it was necessary to the jurisdiction of the court to retax these costs, that Mr. Cunningham and Mr. Daudt, the collector's attorneys, should receive a formal notice of the filing of the motion. The only argument which the counsel of the appellants makes for this position is an appeal to the general principle that whenever a party's rights are to be affected by a summary proceeding or motion in court, that party should be notified in order that he may appear for his own protection. *George*

v. *Middough*, 62 Mo. 549 ; *Patten* v. *Weightman*, 51 Mo. 432.  We shall not consider whether the want of a formal notice would be fatal to a proceeding to retax costs, where the parties affected by the proceedings had no knowledge of it in fact.  We are of opinion that the principle above stated does not extend so far as to require the formality of a written notice of a motion to retax costs upon an execution, to be given to the attorneys of the plaintiff in the execution, who are privies to the execution itself, when it appears that in point of fact they had knowledge of the motion, opportunity to defend against it, and especially when it is clear, as in this case, that they suffered no prejudice whatever from the want of it.  We are of opinion that it does not lie in the mouth of the officers of the court, when a motion is made to retax certain costs which they have unlawfully taken, to stand before the court and say to the court, whose officers they are, "You have no jurisdiction to retax these costs, because we have not received a formal notice of this motion."  The object of notice is to impart knowledge of a pending proceeding ; and it would be requiring a vain and useless thing if the privies to a suit in court, the attorneys managing the suit for the plaintiff, under whose direction and control a writ of execution has been issued, can resist a retaxation of costs upon that execution, on the ground that they have not been formally notified of a motion to that end, where they have knowledge in fact that such motion has been filed in the cause.

2. The second position of the appellants is, that this motion has not been filed by any party to the suit, nor by any party *aggrieved* by the taxation of costs, within the meaning of section 1011 of the Revised Statutes.  Mr. Mc-Dearmon files his motion in the character of attorney for the bondholders, in whose favor the tax to be collected, for which this suit was brought, has been levied and assessed. The amount which is taken from the collector and his attor-

neys through this retaxation of costs, will go into the public revenue for the benefit of those bondholders. They are in reality the beneficial plaintiffs in the suit; and as they lose their *pro rata* share of the money which the collector and his attorneys have gained from this unlawful taxation of costs, they are undoubtedly the parties aggrieved thereby within the meaning of the statute.

But if this were not so, in the view which we take of the matter, it would make no difference. This record discloses that a proceeding to collect a tax has been perverted into a proceeding for the collection of fees not allowed, but prohibited by law. There was no warrant in law for the clerk to tax beforehand any fee to the collector or his attorneys, since the amount to which they would be entitled by way of commissions, could not be foreseen, but could only be estimated by computing the amount of their commissions upon the sum actually collected as revenue after the payment of other costs in the cause. Instead of this, their commissions have been computed, not upon any amount of revenue collected, but on the amount of a judgment rendered, and interest which it was supposed would accrue thereon. There was just as little warrant in law for such a taxation of costs as there would be for the sheriff to tax his commission upon the entire amount of a judgment rendered, instead of the amount realized under the execution. The money realized from the sales which took place under this execution should have been applied to the payment of the costs in the cause, other than the commissions of the collector and his attorneys. The balance should have been treated as a public revenue, out of which the collector should have retained his statutory commission of four per cent, and his attorneys their commission of ten per cent allowed by law and by their contract with the collector, approved by the county court, which has been put in evidence. The balance should have gone into the

public treasury, to be applied according to law. In view of what ought to have been done, no court of justice could sit still and see its process perverted to what was done. Every court has power over its own process to prevent abuses thereof; and where its process has been abused to the prejudice of the public interest, and the parties thereto who represent the public, and whose duty it is to guard the public against such abuses, in violation of their duty, perpetrate such abuses and take to themselves the fruits thereof, it is within the power, and it is the unquestionable duty, of the court to interfere, to lay its hands upon its process, and to prevent its being abused to such purposes. Not only this, but in such a case it is the privilege and the duty of any attorney of the court, as a friend of the court and in discharge of his obligation to be faithful to the court, having knowledge that the process of the court has thus been abused in a matter involving the public interests, to bring the matter to the attention of the court, to the end that the abuses may be stopped, that the court may not be discredited and the administration of justice scandalized. If Mr. McDearmon had not been the attorney and representative of any parties aggrieved by this taxation of costs, it would have been equally his privilege to move in the matter as a friend of the court. Such a motion would not have been a vexatious intermeddling in a proceeding between parties who were strangers to him, but it would have been entirely creditable to him. But, representing, as he does, parties who have been injuriously affected by the wrong which has been done, there is no ground whatever for questioning the right and propriety of his filing this motion.

The order of the circuit court sustaining this motion and directing a retaxation of the costs, must be affirmed. All the judges concur.