THE STATE OF MISSOURI *ex rel.* W. H. OWEN, Respondent, v. A. G. HOLLENBECK *et al.*, Appellants.

Kansas City Court of Appeals, January 11, 1897.

1. **Costs:** CLERK'S TAXATION: JUDGMENT: RETAXATION.   The presumption that the clerk in taxing costs did his duty is overcome by a judgment of the circuit court retaxing them.

2. ———: RETAXATION: CHANGE OF VENUE: STATUTE.   The statute providing that a motion to retax costs must be made in the court in which the action was had, does not prevent a change of venue on said motion after it is made to any other circuit court.

3. ———: ———: PARTIES: PRIMA FACIE LIABILITY.   A clerk is not entitled to notice of an application for the retaxation of costs even though he is out of office at the time of filing such application; and a judgment rendered on such application is *prima facie* evidence of liability on the part of the clerk and his sureties for the original wrongful taxation.

4. ——: ——: LIMITATION. The right to sue the clerk on his bond for the wrongful taxation of costs does not accrue until after such costs have been retaxed by the judgment of the court, and the statute of limitation only begins to run from such date.

5. Judgment: PENAL BOND: EXECUTION. In an action on a clerk's bond the judgment should be for the penalty of the bond with execution for the assessed damages.

*Appeal from the Dallas Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED (*with directions*).

*O. H. Scott* and *J. S. Haymes* and *D. M. Rush* for appellants.

(1) Defendants' demurrer to evidence ought to have been sustained and judgment rendered for them. The presumption is that Hollenbeck in taxing the costs did his duty. *Hammond v. Gordon*, 93 Mo. 223; *Thomas v. Williams*, 99 Mo. 291. Relator did not attempt to show that any costs were illegally taxed, except by the judgment of the Greene county circuit court, which is not binding on any of these defendants, because: *First.* It had no jurisdiction as only "the court in which the action or proceeding was had" can retax costs. R. S., sec. 2941, p. 751. *Second.* The defendants were not parties to the proceeding to retax costs. *Ford v. O'Donnell*, 40 Mo. App. 51; *Ray Co. v. Barr*, 57 Mo. 291; *McDonald v. Matney*, 82 Mo. 358; *Graves v. Ewart*, 99 Mo. 13; *Roberts v. Land Co.*, 126 Mo. 460. (2) The costs were not taxed against relator by Hollenbeck, but by the supreme court or its clerk. (3) Even if relator ever had a cause of action it is barred by statute of limitations. R. S. 1889, sec. 6776; *Gaines v. Hammond's Adm'r*, 6 Fed. Rep. 449. Defendants' liability attached, if at all, at the time they taxed the illegal costs, and was not dependent upon

judgment under motion to retax costs. 1 Wood on Limitations [2 Ed.], p. 439, sec. 175. (4) The judgment is excessive. Relator could recover nothing for attorney's fees. R. S. 1889, p. 751, sec. 2941. The illegal costs as found by Greene county circuit court amounted to $595.05, and having afterwards received $145, he could recover only $450.05. (5) Motion in arrest of judgment should have been sustained for the reason that judgment is not for penalty of bond. But even if an obstacle was in the way it was the duty of railroad company's relator to remove it without delay. 13 Am. and Eng. Encyclopedia of Law, p. 762 (b).

*J. P. Nixon* for respondent.

(1) If there was any defect as claimed in the judgment and exceptions properly saved, then the proper course of this court would be to itself correct the irregularity or remand the case with directions that trial court make proper correction. *Page v. Arnold*, 51 Mo. 158; *Sweet v. Maupin*, 65 Mo. 65; *Kendall v. Telephone Co.*, 56 Mo. App. 197. (2) The judgment is not excessive. (3) Section 2941, Revised Statutes, page 751, under which this action was prosecuted, gives right of action against plaintiff only after retaxation of costs by the court, and such recovery is expressly granted upon an increase of damages fixed by the retaxation of costs. Hence plaintiff's right of action could only have accrued at and subsequent to such retaxation, which was on the twenty-first day of May, 1891, and this suit was instituted on September 1, 1893. *State ex rel. v. R. R.*, 78 Mo. 575; *Mann v. Warner*, 22 Mo. App. 577. Costs were taxed by relator Hollenbeck. (4) To now affirm that costs in the original case were not taxed by relator Hollenbeck,

but some other person, is for appellants to take back in the appellate court their express admission made in the trial court: "We admit that the costs were taxed in this case by Mr. Hollenbeck as circuit clerk." To what extent is retaxation binding on appellants? (5) No exception was taken to introduction in evidence of the judgment of Greene circuit court retaxing the illegal costs. *Smith v. Duncan Co.*, 83 Mo. 195; *State v. Burnett*, 81 Mo. 119; *State v. Ramsey*, 82 Mo. 133. (6) Without violence to the language of the statute it can be made to yield, under well known canons of interpretation, to the provisions of law regulating changes of venue. These several provisions being *in pari materia* should be construed together so as to harmonize the one with the other. *Tittman v. Edwards*, 27 Mo. App. 492; *State to use v. Heman*, 70 Mo. 441; *Neenan v. Smith*, 50 Mo. 525. (7) Hollenbeck and securities are bound by the judgment retaxing costs. All that need be claimed for the judgment of retaxation of costs for purposes of this case is that it is *prima facie* evidence of its recitals. Although Mr. Hollenbeck was produced and sworn as a witness in the present case by the plaintiff, no attempt or offer was made by appellants to show, by him or otherwise, that a single item of costs for which plaintiff,. Owen, was there claiming damages from him was correctly taxed. (8) Indeed, the statute providing for retaxation itself only recognized a well established legal usage and introduced no new procedure or rule of practice. This usage, when a motion to retax is filed by one of the original parties, never required any person to have notice except the other party to the suit, the party in whose favor the illegal costs were taxed.. So that if Hollenbeck had had no actual notice of pendency of the motion to retax costs, he sustained such a relation

of privity to the St. Louis & San Francisco Company, in whose interests he taxed these costs, such company being such a "trustee of a dry trust" as to make a judgment of retaxation contested by such company at least presumptive evidence against Hollenbeck and his securities. This principle, applicable to this case, is widely recognized. *Corcoron v. Canal Co.*, 94 U. S. 741; *Stovall v. Banks*, 10 Wall. 583; *Stoops v. Wittler*, 1 Mo. App. 583; *State to use v. Thorton*, 8 Mo. App. 27; 17 Am. Decisions, 668; 37 Am. Rep. 248; 10 Met. (Mass.) 309; *State v. Coran*, 11 S. C. 392. (9) Furthermore, there was no authority to make Hollenbeck a party to a motion to retax costs in the suit of *Owen v. R. R.*, and a distinct suit would not lie. *State ex rel. v. R. R.*, 78 Mo. 575; *State ex rel. v. Ashbrook*, 40 Mo. App. 67. There is no law requiring any party to a motion to retax costs to have any formal notice, or notice for any prescribed time. It is all sufficient if we have actual notice. As to what constitutes notice. *Hill v. Tessier*, 15 Mo. App. 299; *Eyermann v. Bank*, 84 Mo. 408; *Muldraw v. Robison*, 58 Mo. 331; *Drey v. Doyle*, 99 Mo. 459. The evidence in this case shows conclusively that Hollenbeck had actual notice of pendency of the motion to retax costs. He gave his deposition for and in behalf of the St. Louis & San Francisco Railroad Company while such motion was pending. This precise question has been learnedly and exhaustively considered and settled more than thirteen years ago by the St. Louis court of appeals, and it is decisive of this case. *State of Missouri ex rel. v. Smith*, 13 Mo. App. 426.

SMITH, P. J.—This is a suit which was brought on the the official bond of the defendant Hollenbeck, as clerk of the circuit court of Dallas county, and the other defendants, who were his sureties thereon. The

case, shortly stated, is about this: One Owen recovered judgment against the St. Louis & Santa Fe Railway Company, in the Dallas circuit court. Defendant Hollenbeck, as clerk of the court, taxed up various items of cost against the railway company, amounting to $1,056.65. Subsequently an appeal was prosecuted to the supreme court in said cause, by the railway company, where the judgment of the circuit court was reversed without remanding the cause. The costs that had been adjudged in favor of the plaintiff in the lower court were by the supreme court, adjudged against Owen, the plaintiff. Thereafter the clerk of the supreme court issued an execution on said judgment of the supreme court and Owen was compelled to pay to satisfy the same. The clerk of the supreme court, on the return of the execution, paid out all of said costs to the parties in whose favor the the same had been taxed by the defendant Hollenbeck, as clerk, except the sum of $144, which was paid over to the defendant Hollenbeck, as clerk, and by him turned over to his successor in office.

An application was subsequently made to the Dallas circuit court by Owen, for the retaxation of the costs in the case. By agreement the controversy thus begun was transferred to the circuit court of Laclede county, but the judge of that court having been of counsel in the case in which the judgment was given, it was removed on the order of that court to the circuit court of Greene county, where the judgment was rendered on the motion, to the effect that $596 of said bill of cost had been erroneously taxed by the clerk Hollenbeck. It is thus made to appear that Owen had been compelled to pay (not to be precise) about $500 more than he ought to have paid had the clerk in the first instance correctly taxed the same.

Subsequently, on an order of the circuit court of

Dallas county, the clerk of that court paid the relator herein the said sum turned over to him by the clerk of the supreme court. This suit was brought to recover the amount of the cost which the relator was compelled to pay on said execution, in consequence of the erroneous and wrongful allowance of certain items of cost allowed by defendant Hollenbeck as clerk and by him certified to the supreme court. The relator had judgment and defendants have appealed.

The defendants here contend that the trial court erred in refusing to give the instruction requested by them in the nature of a demurrer to the evidence.

Costs: clerk's taxation: judgment: retaxation.

Even if the law does presume that the defendant Hollenbeck as clerk did his duty in taxing said costs, this presumption was met and overcome by the judgment of the circuit court of Greene county introduced in evidence, declaring that said costs had been erroneously allowed and taxed. This judgment so introduced in evidence, as we shall presently show, established the relator's *prima facie* right to recover.

But the defendants suggest that this judgment was not binding on them for the reason that it was not rendered in the court in which the action was had and therefore the court rendering the same had no jurisdiction. Section 2941, Revised Statutes, provides that any person aggrieved by the taxation of a bill of costs may have the same retaxed by the court in which the action was had. But no good reason is perceived why a change of venue may not be awarded on an application to retax costs as well as in any other civil action. Nor why the court to which the action is removed may not be invested with the same jurisdiction as the court in which the application was made in the first instance. It is not believed by us that the legislature, by requir-

——: retaxation: change of venue: statute.

ing applications for the retaxation of cost to be made to the court in which "the action was had," intended thereby to make the statute relating to change of venue inapplicable to such application any more than in those actions required by other statutes to be commenced in certain designated courts; such, for example, as actions in attachment, replevin, ejectment, partition, and the like, sections 2010, 2011, 7133, where, it must be conceded, the statute in relation to change of venue does apply. The reasons influencing the legislature in enacting the statute requiring applications for the retaxation of costs to be made to the court in which the action was had, are as apparent as in those which influenced its action requiring the class of cases just referred to to be brought in the county where the property is situated.

The defendants further object that since they were not parties to said application for the retaxation of the costs, that they are not bound by the judgment. The statute nowhere requires that

*—: —: parties: prima facie liability.*

in a case where an application is presented by an aggrieved party for retaxation of costs, the clerk, whose action in taxing the same is the subject of review, shall be given notice of such application. Nor has our attention been called to any approved precedent where the same has been declared necessary. Where the term of office of the clerk taxing the disputed costs has not expired, and he is still an officer of the court to which the application for retaxation is made, he could hardly be heard to assert that he had not notice of the proceeding, since it is he who files the application and enters the judgment thereon. But must he have notice of the application where it is made after his term has expired and he is no longer in office, as was the fact in the present case? In such case the statute does not provide that he shall be notified of the appli-

cation of the aggrieved party to the suit in which the costs are taxed. The statute seems to regard the proceeding as one between the parties to the original suit, though it may, in its ultimate result, affect the clerk taxing the costs. The judgment of the circuit court of Greene county was not a judgment against the clerk. It declared no more than that certain items were erroneously allowed and taxed by him. In most, if not in all, of the cases cited in the briefs of counsel, there was judgment against the principal without notice to his sureties, and the question was whether the latter were bound by the judgment. This case is therefore to be distinguished from those. While no case has been found where the precise point now under consideration was decided, still it seems to us that a judgment like the one in question establishes a *prima facie* liability of the clerk and the sureties on his official bond. The sureties are not concluded by the judgment from showing, when sued on the bond, that though such costs were adjudged to have been erroneously allowed and taxed by the clerk, the same were legal charges and properly allowed. The judgment, we think, is *prima facie* evidence only against the sureties and they may be let in to show that the clerk, their principal, did not act erroneously in allowing and taxing the costs and that therefore there is no breach of the conditions of the bond. This conclusion, we think, finds support in the following cases: *Stoops v. Wittler*, 1 Mo. App. 420; *State v. Thornton*, 8 Mo. App. 27; *Stewart v. Thomas*, 45 Mo. 42. The defendants made no objection to the introduction of the judgment in evidence, nor did they offer any evidence to rebut the relator's *prima facie* right of recovery which it established. So that the judgment could not have been otherwise than for the relator. If Hollenbeck, the late clerk, did not have formal notice of the application, he at least had knowledge,

for there is evidence in the record tending to show that he was present at the hearing and that he had also given his deposition in the case. *State ex rel. v. Smith*, 13 Mo. App. 421. It is our opinion that the judgment of the circuit court of Greene county was properly admitted in evidence.

The defendants further object that the relator's cause of action was barred by the three years' statute of limitation. This objection we do not —:—: limita- think well taken. Section 2931, Revised tion. Statutes, gives the aggrieved party the right of action only after the retaxation of costs by the court and the recovery authorized against the clerk is the amount which the aggrieved party may have paid by reason of the allowance of the unlawful charge. It is plain that the relator's action will not accrue until the retaxation of the costs by the court which appears to have been on May 21, 1891. This suit was brought September 1, 1893, and it is therefore not barred by the statute.

We are not of the opinion that the circuit court erred in refusing defendant's instruction. The judgment was not excessive, as defendants maintain. The evidence would have justified a larger amount.

The defendants finally contend that the judgment upon its face is erroneous in that it was not entered in conformity to the requirements of the stat- JUDGMENT: penal ute for the penalty of the bond with exe- bond: execution. cution for the damages assessed. This contention must be upheld. *State v. Cooper*, 79 Mo. 464; *State v. Gates*, 64 Mo. 185.

Accordingly the judgment must be reversed and cause remanded to the circuit court, with directions to enter judgment in conformity to the requirements of section 869, Revised Statutes. All concur.