A. FRANKENTHAL & BROTHER, Appellants, v. GUARDIAN ASSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, May 30, 1898.

1. **Evidence:** ASSIGNMENT OF INSURANCE POLICY: CONSTRUCTION: POWER OF ATTORNEY. An instrument authorizing the grantee to collect and receipt for sums found due the grantor under certain policies of insurance, is not admissible in an action of the grantee against the company to show an assignment and the consequent right to sue, especially in this case where the parties by their own acts construed the contract otherwise.

2. ———: HARMLESS ERROR. Where the party offering the witness has the benefit of testimony, the improper exclusion of other parts by the court will be deemed harmless.

3. **Trial Practice:** INSTRUCTIONS: INVITED ERROR. Where the plaintiff's instructions are the converse of those given by defendant the plaintiff can not object to either the defendant's theory of the case or that there was a want of evidence to support the instruction.

4. **Appellate Practice:** EVIDENCE: TIMELY OBJECTION. Where the appellant in the trial below fails to make timely objections to the introduction of certain testimony, he can not raise such objection in the appellate court.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

BASOM & BUCKLEY for appellants.

(1) The appellants, holding this policy for the benefit of themselves and others, can maintain suit in their own name as trustees of an express trust without joining other beneficiaries. Kuhn v. Meyer, 35 Mo. App. 206; Stillwell v. Glascock, 47 Mo. App. 554; Cheltenham F. B. Co. v. Cook, 44 Mo. 30; Rogers v. Goswell, 51 Mo. 466; Dean v. Chandler, 44 Mo. App. 338;

(2) Mr. Fricthle's testimony that there was a verbal transfer of this policy to appellant was admissible. It does not tend to contradict the written transfer afterward made. Greening v. Stelle, 122 Mo. 287; Brown v. Bowel, 90 Mo. 184; Broughton v. Null, 56 Mo. App. 231; Harkness v. Briscoe, 47 Mo. App. 197. (3) The written assignment of policy or authority to collect same should have been admitted. Whenever there is a bare authority to collect, though such authority be not coupled with an interest, the courts of this state have uniformly held the same admissible to show the assignment and authority in the assignee to sue thereon in his own name, Guinotte v. Ridge, 46 Mo. App. 254; 14 Mo. 305; Nicolay v. Fritschle, 40. Mo. 67; Snider v. Express Co., 77 Mo. 523; Lawler v. Ins. Co., 83 Hun. 393; Cohn v. Assurance Co., 68 Mo. App. 376. (4) The instructions number 1, 4 and 5 for respondent were erroneous in two particulars. They were without evidence to support them and hence wrong. Moore v. Hawk, 57 Mo. App. 495. Again the instructions were erroneous in singling out a particular matter in evidence. State v. Sivils, 105 Mo. 530; State v. Jackson, 105 Mo. 196; Barr v. Kansas City, 105 Mo. 550; R'y v. Stock Yards, 120 Mo. 541; Nichols v. Jones, 32 Mo. App. 657; Goltz v. Griswold, 113 Mo. 144.

FYKE, YATES & FYKE for respondent.

The power of attorney offered in evidence does not purport to constitute an assignment of the policies; it is not an assignment in legal effect. The action of the parties amounted to a revocation of the power of attorney. Besides the title to the policies clearly never passed to plaintiffs. Ridge v. Omstead, 73 Mo. 578; Scheuber v. Simmons, 22 S. W. Rep. 72; 2 Texas

Civil Appeals, 672.    Appellants misrepresent what was decided by this court in Cohn v. The Guardian Assurance Co., 68 Mo. App. 376.    The case of Guinotte v. Ridge, 46 Mo. App. 254, cited by appellant, does not support appellants' contention.    Instructions 1, 4 and 5 are clearly correct.    The evidence abundantly justified the court in giving each of said instructions. Claflin v. Ins. Co., 110 N. S. 81; Moore v. Ins. Co., 28 Gratt. 518.

SMITH, P. J.—This suit was brought by plaintiffs against defendant on a fire insurance policy.   It was alleged in the plaintiffs' petition that said policy was issued to one Cohn, and that after the loss thereunder the said Cohn had assigned and transferred the same to the plaintiffs in trust for themselves and other creditors.

For the purpose of proving the assignment, the plaintiffs offered in evidence a certain written instrument executed by said Cohn which authorized them "to collect and receipt for any sum or sums that may be found due me under the following policies * * * on account of loss by fire which occurred December 13, 1891, at Joplin, Mo., after said loss shall have been adjusted between myself and the authorized adjusting agents of said companies."   This offer of the plaintiffs was by the court rejected.   There was no allegation in the petition or proof that there had been an adjustment made of the loss between Cohn and the defendant.   The authority conferred by the instrument was to *collect and receipt* for any sum found due Cohn after the adjustment had been made between him and defendant.   Until such adjustment took place the authority conferred was inoperative.   Until the

*EVIDENCE: assignment of insurance policy: construction: power of attorney.*

happening of that contingency no authority is conferred on plaintiffs to do anything. Until then the legal rights of Cohn, under the policy, remained unaffected.

This was the construction the parties themselves gave to the instrument as shown by the fact that after it was ascertained there could be no adjustment of the loss, Cohn, with the knowledge of the plaintiffs, brought suit against defendant on the policy. Cohn v. Ass. Co., 68 Mo. App. 373. The interpretation placed by themselves on the instrument is entitled to great weight, if not controlling authority. It is clear that by the execution of the instrument Cohn did not intend to transfer to plaintiffs the title to the policy and that such was the understanding of the latter. The terms, "collect and receipt," whether taken by themselves or in connection with other parts of the instrument can not be construed to have the operative effect to transfer the title of the policy to plaintiffs. Guinotte v. Ridge, 46 Mo. App. 254, cited and relied on by the plaintiffs is not in point. In that case there was both an assignment and power of attorney. The words "receive and receipt for" were supplemented with others which conferred "full power and authority to do and perform all and every act and thing requisite and necessary to be done in the premises," and "to hold and collect said tax bills in trust," etc. In the present case the power conferred is but a naked power to receive and collect. The instrument on its face does not purport to be an assignment of the policy. Nor do we think that we are authorized by any term thereof to declare it an assignment in legal effect. There is no ambiguity in any term of the instrument. It is manifest from the language thereof that it was the purpose of the assured to confer on plaintiffs the power to collect and receipt for the amount of the

insurance that should be found due him after the adjustment. This, it seems to us, was the full extent of the authority conferred. Accordingly we think the trial court did not err in rejecting the plaintiffs' said offer.

It is further objected that the court erred in excluding the testimony of the witness Fricthle in relation to the verbal transfer of the policy to the HARMLESS error. plaintiffs. By turning to the record it is there seen that this witness was permitted to testify that the policy in suit, with others, was turned over by Cohn to plaintiffs to be collected and the proceeds distributed to the former's various creditors. It is thus seen that if any part of the testimony of the witness Fricthle was excluded, the plaintiffs had the benefit of the material and relevant parts thereof, and that therefore they were not harmed by the ruling of the court.

The plaintiffs further object that the defendant's instructions should not have been given. But by TRIAL practice: reference to those given by the court at instructions: the instance of the plaintiffs it will be invited error. seen that the issues thereby submitted to the jury were substantially the same as those submitted by defendant's instructions. If the court committed error in giving defendant's instructions it was led into it by the converse instructions previously requested by plaintiffs. It is not permitted to the plaintiffs to object either to the theory of defendant's instructions or that there was no evidence on which to base the same.

Finally, the plaintiffs contend that the court erred in permitting their witness Basom to be asked by defendant, on cross-examination, if he APPELLATE had not testified to certain facts at another practice: evidence: timely trial. But whether this testimony was objection. competent or not it is unnecessary for us

to decide, since it does not appear from the bill of exceptions that the court in consequence of any timely objection interposed thereto by plaintiffs was required to pass upon that question. No such objection having been made in the court below it can not, therefore, now be urged here.

The judgment must be affirmed. All concur.