JAMES D. FOREST, Appellant, v. NOBLE H. ROG-
ERS, Respondent.

Kansas City Court of Appeals, January 6, 1908.

1. **EXPRESS TRUST: Evidence: Writing.** An express trust un-
der the statute can only be proved by writing.

2. ————: ————: ————: **Waiver: Trial and Appellate Prac-
tice.** Notwithstanding the statute the party may waive the
proof in writing and if he fails to object to the admission of
parol testimony, he cannot complain of a finding based thereon
by interposing the requirements of the statute. ·

3. ————: **Statute: Agency.** A land owner gave his agent a
quit-claim deed with instructions to sell the land, pay the in-
cumbrance and account for the balance. *Held*, the transaction
was not a declaration of a trust in land but was a simple matter
of agency.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoff-
man*, Judge.

REVERSED AND REMANDED (*with directions*).

*C. C. Lawson, George F. Longan* and *Jesse L. En-
gland* for appellant. ·

(1)    This is purely an action for money, had and
received, and the question of an expressed trust is in
no way involved.    (2)    Parties litigant are not al-
lowed to assume inconsistent positions in court. . .   ·
Having elected to adopt a certain course of action, they
will be confined to that course which they adopt.    Ben-
sieck v. Cook, 110 Mo. 173.    A party is confined on ap-
peal to the positions he took during the trial.    Cady
v. Coates, 101 Mo. App. 147; Hall v. Goodnight, 138
Mo. 576.    (3) The oral testimony was not objected to
and as the respondent chose to let it come in and after-
wards to refer it to the jury as to whether it established
the agreement he must abide by their finding.    Cady

v. Coates, 101 Mo. App. 147; Berkson v. Cable Co., 144 Mo. 211; Dunlap v. Griffith, 146 Mo. 283.

*A. L. Shortridge* and *W. D. Steele* for respondent.

(1) Defendant's instruction in the nature of a demurrer to the evidence should have been given by the court. And the court committed no error in granting defendant a new trial. Plaintiff offered no evidence to prove the contract or agreement with defendant concerning said real estate, excepting the depositions of plaintiff and Nancy E. Forest, his wife. An express trust cannot be established by parol evidence. It must be proved by some writing. R. S. 1899, sec. 3416; Mulock v. Mulock, 156 Mo. 431; Hillman v. Allen, 145 Mo. 638; Crawley v. Crafton, 193 Mo. 431. (2) What constitutes an express trust? Hillman v. Allen, 145 Mo. 645; Heil v. Heil, 184 Mo. 665; Church v. Albers, 174 Mo. 331.

BROADDUS, P. J.—This is a suit by plaintiff to recover the sum of $450, which he claims the defendant received as his agent, as the consideration for the sale of a house and lot belonging to plaintiff.

The case is as follows: The plaintiff's property was encumbered by two deeds of trust, to secure the payment of two notes aggregating the sum of $650. The plaintiff concluded on account of his health, to leave Sedalia where he resided and where the property was situated, and go to California, and before leaving, he employed defendant to look after the rent of his property and sell the same. It was agreed between them that the plaintiff and his wife execute to defendant a quitclaim deed to the said property, so that, when a purchaser was found, the trade could be closed without waiting to send the deed to the plaintiff. But such was not done at that time, for after the plaintiff and his wife had gone to California, the defendant sent a quitclaim deed to them for execution,

which the plaintiff and his wife signed and acknowledged, and which conveyed the lot to defendant. They returned the quitclaim deed to plaintiff at Sedalia. In June, 1904, the defendant sold the lot in question for $1,100, being a sum several hundred dollars more than the said encumbrances. The plaintiff demanded this sum from the defendant, which he refused to pay.

The cause was tried before a jury and a verdict was returned for plaintiff, for $372.50. The evidence, of the facts we have stated, was given by the plaintiff and his wife.

The defendant filed a motion for a new trial which the court sustained for the following reasons:

"That the verdict was against the weight of evidence and against the law under the evidence; that it was for the wrong party; that the court erred in admitting incompetent and immaterial evidence offered by the plaintiff; that the court erred in refusing defendant's instruction numbered 1 (one), and that the court erred in giving instructions, numbered 1 (one), 2 (two) and 3 (three) at the instance of the plaintiff."

The contention of the defendant is that the agreement constituted an express trust, which could only be proved by writing, that the only evidence going to sustain the trust was the verbal testimony of the plaintiff and his wife. Section 3416, Revised Statutes 1899, provides that the declaration of an express trust be in writing or by will. [See also Mulock v. Mulock, 156 Mo. 431; Hillman v. Allen, 145 Mo. 638; Crawley v. Crafton, 193 Mo. l. c. 431; Heil v. Heil, 184 Mo. 665; and Church v. Albers, 174 Mo. 331.]

The evidence of the plaintiff and his wife was introduced without objections by defendant. The statute in regard to proof, in declaring a trust, could have been taken advantage of by the defendant and the evidence excluded, but it was a matter which he could waive as the statute was made for his benefit. He

tried his case upon the theory that the evidence offered and received was competent and he only raised a question of its competency after the trial and after a verdict had been rendered against him.    It is said: "Parties are not allowed to assume inconsistent positions in court.   .   .   .   Having elected to adopt a certain course of action they will be confined to that course of action, which they adopt."   [Bensieck v. Cook, 110 Mo. 173.]   "Evidence admitted without objection cannot on appeal be objected to on the ground that a finding, based thereon was erroneous."   [Cady v. Coats, 101 Mo. App. 147.]   "Parties are bound on appeal by the positions they have taken in the trial court."   [Hall v. Goodnight, 138 Mo. 576.]   The defendant assigned no other cause on which the action of the court on granting a new trial could have been based.

We are of the opinion that under the facts, the case was not one of an express trust as contemplated by the statute, but that the relation existing between the plaintiff and the defendant was merely that of principal and agent.   The defendant was employed by the plaintiff to sell and dispose of this real estate and with the proceeds to discharge certain indebtedness and return to his principal, the surplus.   The plaintiff does not seek to enforce any remedy as against the property conveyed to defendant.   All that he asks is that the defendant be compelled to pay over the surplus proceeds of the lands less the encumbrances on the same, which he was authorized by the plaintiff to sell.   The transaction amounted to nothing more than an authority to sell, convey plaintiff's property and to receive and account for the proceeds.   It was not an attempt to declare any trust or confidence in lands.

The verdict was for the right party, and the cause is therefore reversed and remanded with directions to set aside the order granting a new trial, restore the verdict and enter judgment thereon.   All concur.